1  PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2  Name  CONTRERAS  GILBERT
        (Last)          (First)          (Initial)

3  Prisoner Number  E-59058

4  Institutional Address  P.O. BOX 689 DW-243 UPPER

5  SOLEDAD, CA. 93960-0689

6

7                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

8  GILBERT CONTRERAS
   (Enter the full name of plaintiff in this action.)

9                        vs.                          Case No. _____
                                                     (To be provided by the clerk of court)
10 B. CURRY, WARDEN (ACTING)
                                                     PETITION FOR A WRIT
11                                                   OF HABEAS CORPUS

12

13

14 (Enter the full name of respondent(s) or jailor in this action)

15

16                Read Comments Carefully Before Filling In

17 When and Where to File

18     You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23     If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located. If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1    <u>Who to Name as Respondent</u>

2          You must name the person in whose actual custody you are.  This usually means the Warden or

3    jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5    respondents.

6          If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10   <u>A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11          1.  What sentence are you challenging in this petition? **Prison Discipline**

12          (a)    Name and location of court that imposed sentence (for example; Alameda **Loss of Good Time Credits**

13                 County Superior Court, Oakland):

14          **Superior Court**                    **Los Angeles**

15                 Court                          Location

16          (b)    Case number, if known  **BA151381**

17          (c)    Date and terms of sentence  **Fourteen Years**

18          (d)    Are you now in custody serving this term?  (Custody means being in jail, on

19                 parole or probation, etc.)         Yes **X**     No _____

20                 Where?

21                 Name of Institution: **Soledad State Prison, CTF-Central**

22                 Address: **P.O. Box 689, Soledad, CA. 93960**

23          2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24    more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25    challenging more than one sentence, you should file a different petition for each sentence.)

26    **Possession for Sales of a Controlled Substance**

27    **Health and Safty Code 11351**

28

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

    Arraignment:                        Yes _X_      No _____

    Preliminary Hearing:            Yes _X_      No _____

    Motion to Suppress:            Yes _____      No _x_

4. How did you plead?

    Guilty _X_   Not Guilty _____   Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?  Plea Bargain

    Jury _____   Judge alone_____   Judge alone on a transcript _____

6. Did you testify at your trial?              Yes _____      No _____

7. Did you have an attorney at the following proceedings:

| | | | | |
|---|---|---|---|---|
| (a) | Arraignment | Yes _X_ | No _____ |
| (b) | Preliminary hearing | Yes _____ | No _____ |
| (c) | Time of plea | Yes _X_ | No _____ |
| (d) | Trial | Yes _____ | No _____ |
| (e) | Sentencing | Yes _X_ | No _____ |
| (f) | Appeal | Yes _____ | No _____ |
| (g) | Other post-conviction proceeding | Yes _____ | No _____ |

8. Did you appeal your conviction?          Yes _____      No _X_

    (a)   If you did, to what court(s) did you appeal?

           Court of Appeal            Yes _____   No _____

           Year: _____      Result:_____

           Supreme Court of California   Yes _____   No _____

           Year: _____      Result:_____

           Any other court            Yes _____   No _____

           Year: _____      Result:_____

    (b)   If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS    - 3 -

1         petition?               Yes _____     No_____

2       (c)    Was there an opinion?        Yes _____     No_____

3       (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                               Yes _____     No_____

5           If you did, give the name of the court and the result:

6           _____

7           _____

8  9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9  this conviction in any court, state or federal?        Yes _____     No_____

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition. You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15  U.S.C. §§ 2244(b).]Prison Discipline, Loss of Good Time Credits.

16       (a)     If you sought relief in any proceeding other than an appeal, answer the following

17              questions for each proceeding. Attach extra paper if you need more space.

18         I.      Name of Court: **Superior Court, Monterey County**

19              Type of Proceeding:**Habeas Corpus**

20              Grounds raised (Be brief but specific):

21              a.**Denied a Federally protected liberty interest**

22              b._____

23              c._____

24              d._____

25              Result: **Denied**            Date of Result:**10/23/06**

26        II.     Name of Court**Court of Appeal, Sixth Appellate District**

27              Type of Proceeding: **Habeas Corpus**

28              Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS      - 4 -

1       a.<u>**Denied a Federally protected liberty interest**</u>

2       b._____

3       c._____

4       d._____

5       Result: ____Denied_____ Date of Result: 02/20/07

6   III.    Name of Court: <u>Superior Court of California</u>

7       Type of Proceeding: <u>Habeas Corpus</u>

8       Grounds raised (Be brief but specific):

9       a.<u>Denied a Federally protected liberty interest</u>

10      b._____

11      c._____

12      d._____

13      Result: <u>Denied</u>_____ Date of Result: 04/11/07

14  IV.     Name of Court: _____

15      Type of Proceeding: _____

16      Grounds raised (Be brief but specific):

17      a._____

18      b._____

19      c._____

20      d._____

21      Result: _____ Date of Result:_____

22  (b)     Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                          Yes _____    No_X_

24      Name and location of court: _____

25  **B. GROUNDS FOR RELIEF**

26      State briefly every reason that you believe you are being confined unlawfully.  Give facts to

27  support each claim.  For example, what legal right or privilege were you denied?  What happened?

28  Who made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you

1  need more space.  Answer the same questions for each claim.

2       [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One Denied a federally protected interest, (Loss of 360 days

6  credits)  in violation of Fourteenth Amendment.

7  Supporting Facts:   See the following pages.

8  _____

9  _____

10  _____

11  Claim Two:_____

12  _____

13  Supporting Facts:_____

14  _____

15  _____

16  _____

17  Claim Three:_____

18  _____

19  Supporting Facts:_____

20  _____

21  _____

22  _____

23       If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____

26  _____

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS          - 6 -

On November 10, 2004, A Facility, including building A3
was searched for contraband. Petitioner's cell, A3-212up,
was subsequently searched by C/O Magdaleno. Pursuant to this
search, C/O Magdaleno found a weapon hidden in the mattress
that was assigned to petitioner's cell and bed area.
Petitioner was charged with Possession of Inmate Manufactured
Weapon. (Attached as Exhibit A is a copy of the CDC 115 Rule
Violation Report, see page 1 of 4). Due to the seriousness
of the rule violation, petitioner was immediately rehoused
in the Administrative Segregation housing (Ad. Seg.) unit, in
A5-237, pending a CDC 115 hearing. No referral was made to
the District Attorney regarding this matter due to insuffic-
ient data. (See Exhibit A, page 4, District Attorney Referral
Status Report).

On November 20, 2004, an Investigative Employee (IE) was
assigned to petitioner's case prior to the CDC 115 hearing.
The IE interviewed and included petitioner's statments in
his report (Attached as Exhibit B is a copy of the Invest-
igative Employee's Report). The petitioner stated, in revelant
part, the following in the IE's report: Petitioner lived in
cell A3-223 prior to beng moved into cell A3-212up; petitioner
only lived in cell A3-212up for about 9 to 10 days before it
was searched on November 10, 2004; petitioner does not dispute
that a weapon was found inside the mattress assigned to him,
but denies any knowledge and/or ownership of said weapon;
petitioner did not request the cell move, but rather, the move
was imposed upon him by order of C/O Delira; that before
moving into cell A3-212up, petitioner asked C/O Delira if

1  he could take his mattress from cell A3-223 to cell A3-212up

2  and C/O Delira said, "No"; when the weapon was found, petit-

3  ioner's request for it to be fingerprinted was denied;

4  petitioner further stated that the search began in his building

5  at about 2:30pm, and that he was aware that all mattresses

6  were being X-Rayed 5 hours in advance to his cell being searched

7  at 7:30pm; and, petitioner had ample time to get rid of any

8  known contraband.  These statements by the petitioner reflect-

9  ed in the IE's report were never contested at petitioner's

10  CDC 115 hearing and disposition.  (See Exhibit A, pages 1-3,

11  petitioner's CDC 115 hearing and disposition).  Although

12  staff witnesses were requested at the hearing, none appeared

13  in dispute of petitioner's statements.  (Exhibit B, page 3).

14          On December 7, 2004, petitioner's CDC 115 was convened.

15  Petitioner plead not guilty, but was found guilty by the Senior

16  Hearing Officer (SHO) based upon C/O Magdaleno's Rule Violation

17  Report (RVR) and the CDC 837 Crime/Incident Report.  Petitioner

18  was assessed 360 days forfeiture of behavior credits and

19  served approximately 8 months in a Segregated Housing Unit

20  (SHU).  The reports submitted to the SHO at petitioner's CDC

21  115 hearing reflect that the weapon found in petitioner's

22  assigned mattress was a 5" by 1/8" metal rod.  Additionally,

23  two other weapons were found in mattresses assigned to cell

24  A3-101 and cell A3-136 the day petitioner's building was

25  searched.  (See Exhibit A, page 2).

26          Petitioner appealed the guilty findings by the Senior

27  Hearing Officer by raising five claims for relief.  (Attached

28  as Exhibit C is the Director's Level Appeal Decision,

Ground I, page 2

1    see page 1, part I).  Petitioner's claims were originally

2    reviewed and denied at the Second Level.  (Exhibit C, page 1,

3    part II Second Level Decision.)  The Second Level Reviewer

4    affirms that petitioner was moved into cell A3-212up on

5    October 28, 2004, and he only lilved in that cell for 14

6    days prior to the incident.  Additionally, the Second Level

7    Reviewer affirms that cell A3-212up was not searched by

8    staff prior to the petitioner being moved into that cell.

9    (See Exhibit C, page 1, part II, claims 3 and 4).

10        Petitioner appealed the Second Level Decision to the

11   Director's Level.  (Exhibit C, page 2, part III A).  The

12   Director's Examiner concedes that cell A3-212up was not

13   searched by staff prior to petitioner being housed into

14   that cell.  The Examiner relies on his interpretation of

15   CCR, Title 15, section 3287(a) in support of petitioner's

16   guilty finding.  Section 3287(a) is the provision that

17   mandates staff to search unoccupied cells and bed areas for

18   contraband prior to assigning a new inmate into that

19   location.  The Examiner purports that section 3287(a) only

20   mandates that staff search segregation, isolation and (SHU)

21   cells for contraband prior to a new inmate's assignment to

22   the cell.  The Examiner excludes general population cells

23   and bed areas from the section 3287(a) mandate in his

24   interpretation.  The Examiner cites section 3287(a) in full,

25   and, contacts Centinela State Prison to confirm the housing

26   status of petitioner in building A3 at the time of the

27   incident.  (Exhibit C, page 2, part III A).

28        Petitioner has exhausted all available administrative

1  remedies.  (Exhibit C, parg 2, part III C).

2      On or about June 17, 2005, petitioner filed a habeas

3  petition rasing one ground for relief that petitioner has

4  been deprived of a protected liberty interest in violation

5  of the Fourteenth Amendment of the United States

6  Constitution.

7      On July 5, 2006, the Superior Court issued an order

8  that the respondent prepare an informal response to the

9  petitioner.  After which, the petitioner had 15 days to

10  file a reply to respondent's informal response.

11      On August 21, 2006, the respondent filed its informal

12  response alleging that petitioner was properly found guilty

13  of Possession of Inmate Manufactured Weapon.  Respondent

14  asserted that petitioner's due process rights regarding

15  his disciplinary hearing were satisfied.  In his contention

16  the resposndent relied primarily on the opinion set forth

17  by the Court of Appeal, Fourth Appellate District, in the

18  case of In re Zepeda.  (August 16, 2006 DJDAR 10742; http.

19  www. courtinfo ca. gov/opinions/documets/D047776. PDF.)

20  Respondent further maintained its position that Section

21  3287(a) of the California Code of Regulations does not

22  apply to general population cells.

23      On August 29, 2006, petitioner filed his reply to

24  respondent's informal response.  Petitioner pointed out

25  that respondent's reliance on the ZEPEDA opinion is mis-

26  placed due to the fact that the search requirement of

27  section 3287(a) was never an issue raised in the ZEPEDA

28  case.  Petitioner's factual circumstances are distinctly

1   different from ZEPEDA in this regard.

2       On October 23, 2006, the Superior Court denied the

3   petition on the merits. Based on the ZEPEDA opinion, the

4   court believed it had no authority under the Constitution

5   to reverse the guilty finding addued at petitioner's

6   disciplin ary hearing. (Attached as Exhibit D is a copy of

7   the order issued by the Superior Court denying the petition).

8       Petitioner filed another habeas petition into the

9   Court of Appeal, Sixth Appellate District, raising the same

10   ground for relief. On February 20, 2007, the Court of

11   Appeal summarily denied the petition. (See Exhibit D,

12   page 6 of 7).

13       On or about March 2, 2007, petitioner filed a habeas

14   petition on the same ground for relief into the California

15   Supreme Court. Petitioner asserted thhat he was not

16   alleging that his right to due process was infringed upon

17   at or during his disciplinary hearing. Rather, petitioner's

18   contention is that prior to any hearing he was denied due

19   process of law and equal protection guaranteed by the

20   Constitution when Correctional Officials failed to search

21   his prospective housing area pursuant to Section 3287(a)

22   of thhe California Code of Regulations. Specifically,

23   Section 3287(a) is a state-created liberty interest that is

24   federally protected under the Fourteenth Amendment of the

25   United States Constitution. Due to Correctional Officials

26   admitted omission, petitioner was arbitrarily denied the

27   protections provided by Section 3287(a) which resulted in

28   the loss of 360 days of good time credits.

1    On April 11, 2007, the California Supreme Court
2  summarily denied the petition.  (See Exhibit D, page 7 of 7).
3  ////
4  ////

1      List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3  of these cases:

4  Hewitt V. Helms, 459 U.S. 460, 466 (1983); Valdez V. Rosenbaum, 302 F.3d

5  1039, 1044 (9th Cir. 2002);  Kentucky Dpet. of Corrections V. Thompson, 490

6  U.S. 454, 462-63 (1989); Toussaint V. McCarthy, 801 F.2d 1080 (9th Cir. 1986).

7  Do you have an attorney for this petition?          Yes_____    No_x_____

8  If you do, give the name and address of your attorney:

9  _____

10      WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on  5-7-07 _____         Hilbert R Contreras

14          Date                     Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS     - 7 -

# EXHIBIT



21)

304 PD RECORDS ON: ___ BY: ___

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**    *A5 237*

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| 359053 | CONTRERAS | | 03/23/09 | CENTINELA | A3-212 | FA-04-11-03 |
| VIOLATED RULE NO(S). CCR 3006(a) | SPECIFIC ACTS POSSESSION OF INMATE MANUFACTURED WEAPON | | LOCATION FAC. A BLD. 3 | | DATE 11/10/04 | TIME 2145 HOURS |

CIRCUMSTANCES

On Wednesday, November 10, 2004, the Investigative Services Unit (ISU) reported to Facility 'A' to assist yard staff searching the Facility 'A' Law Library and building A3. Upon completion of searching the library, I reported to A3 to assist yard staff. Upon my arrival to A3, I was informed that all mattresses were being sent to Receiving and Releasing (R&R) for X-rays all mattresses with contraband inside were set aside for searching. At approximately 2145 hours, I searched a mattress belonging to inmate CONTRERAS, 359053, A3-212. The mattress had inmate CONTRERAS' name, CDC number and bed number written on it. I called for CONTRERAS to be present during the search. I cut the mattress in the marked area, and discovered a piece of round metal stock measuring approximately 5" in length and 1/8" in diameter, sharpened in one end and masking tape on the other end as handle. Utilizing a Fuji S 7000 digital camera, I photographed the weapon, the mattress and inmate CONTRERAS. I placed the weapon and a piece of cloth containing the inmate's name, CDC number and cell number in an evidence envelope. I maintained sole possession of the evidence bag containing the aforementioned items, I placed the evidence bag in evidence locker C-10 located in the institutional evidence room. I downloaded the photographs into the ISU photograph archive file.

Inmate CONTRERAS is aware of this report. Inmate CONTRERAS is not a participant in the Mental Health Services Delivery System at the CCMS/EOP/MH3 Level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| J. MAGDALENO, Correctional Officer | 11/17/04 | SEC. SQUAD #3 | S/SUN |
| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ DATE SEGREGATED PENDING HEARING | |
| N. RODRIGUEZ, Sergeant | | N/A  LOC. N/A | |

| CLASSIFIED ☐ ADMINISTRATIVE ☒ SERIOUS | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) M. SANDERS, Correctional Captain | HEARING REFERRED TO ☐ HO ☒ SHO ☐ SC ☐ FC |
|---|---|---|---|---|

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE 11/18/04 | TIME 1000 | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ☒ INCIDENT REPORT LOG NUMBER 3-04-02579 | BY: (STAFF'S SIGNATURE) | DATE 11/18/04 | TIME 1000 | BY: (STAFF'S SIGNATURE) | DATE | TIME |

HEARING

This hearing convened on 12/7/04, at 1000 hours, I introduced myself to Inmate CONTRERAS as the Senior Hearing Officer, Lt. B.E. DAUENSPECK. This Inmate is not a participant in the Mental Health Services Delivery System at the CCMS/EOP/MH3 level of care, Inmate was not assigned a Staff Assistant. Inmate CONTRERAS stated that his health was good, hearing/vision is not impaired. Inmate CONTRERAS acknowledged receipt of this CDC-115 RVR, and the following associated documents: CDC-115A, CDC-115 PART C, INVESTIGATIVE EMPLOYEE'S REPORT, 837-CRIME/INCIDENT REPORT, more than twenty four (24) hours prior to the start of this hearing. These reports as well as the disciplinary charge of POSSESSION OF INMATE MANUFACTURED WEAPON were reviewed with Inmate CONTRERAS at this hearing. Inmate CONTRERAS stated that he understood all documentation and was prepared to begin.

**DISTRICT ATTORNEY:** This matter was referred for felony prosecution on 11/18/04, Inmate CONTRERAS did not request this hearing be postponed pending outcome of the referral.

**DUE PROCESS:** This disciplinary was served on Inmate CONTRERAS within 15 days of discovery and the hearing was held within 30 days of service. Time constraints have been met. There are no due process issues.

(Continued on CDC-115 part C)

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) Lt. B.E. DAUENSPECK, Senior Hearing Officer | | SIGNATURE | | DATE | TIME |
| REVIEWED BY: (SIGNATURE) M.C. SANDERS, Facility 'A' Captain | DATE 12/14 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE R. HUSTON, Chief Disciplinary Officer | DATE | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | | DATE | TIME |

CDC 115 (7/88)

(22)

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C                                                     PAGE 1 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-59058 | CONTRERAS | FA-04-11-030 | CENTINELA | 12/7/04 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

**STAFF ASSISTANT:** Was not assigned. Inmate CONTRERAS is not illiterate, claims 11th GRADE GPL, can read and write, is English speaking, the issues are not complex, is not a participant in the Mental Health Services Delivery System, and did not require a confidential relationship in preparing his defense.

**INVESTIGATIVE EMPLOYEE:** Was assigned, the issues are not complex, the inmate's housing status did preclude his gathering evidence; additional information was not necessary for a fair hearing. Inmate CONTRERAS received a copy of the I.E. Report and had no objections to the report.

**PLEA:** Inmate CONTRERAS plead NOT GUILTY, and gave the following testimony as his defense: " I have been in this cell for 8 to 9 days.

**WITNESSES:** Inmate CONTRERAS waived requested witnesses, and signed CDC-115 Part C.

**FINDINGS:** Inmate CONTRERAS was found GUILTY of violating CCR Section 3006(a), a Division "A1" offense; the specific charge of POSSESSION OF INMATE MANUFACTURED WEAPON. The preponderance of evidence submitted and considered in reaching a finding substantiates the charge and supports the factors in aggravation. The finding is based upon the following:

The RVR by: C/O, J. Magdaleno, stating in part, On 11/10/04, The Investigative Services Unit (ISU) reported to Facility "A" to assist Yard Staff searching the Facility "A" Law Library and Building A3. Upon completion of searching the library, I reported to A3 to assist Yard Staff. Upon my arrival to A3, I was informed that all mattresses were being sent to R&R for X-Rays, all mattresses with contraband inside were set aside for searching. At approximately 2145 hours, I searched a mattress belonging to Inmate CONTRERAS, E-59058, A3-212. The mattress had Inmate CONTRERAS name, CDC number and bed number written on it. I called for CONTRERAS to be present during the search. I cut the mattress in the marked area, and discovered a piece of round metal stock measuring approximately 5" in length and 1/3" in diameter, sharpened in one end and masking tape on the other end as handle. Utilizing a Fuji s 7000 digital camera, I photographed the weapon, the mattress and Inmate CONTRERAS. I placed the weapon and a piece of cloth containing the Inmate's name, CDC number and cell number in an evidence envelope. I maintained sole possession of the evidence bag containing the aforementioned items, I placed the evidence bag in evidence locker C-10 located in the Institutional evidence room. I downloaded the photographs into the ISU photograph archive file.

The CDC-837 Crime/Incident Report Log # CEN-FA3-04-12-0379, which states by LT. C.L. PARKS: On 11/10/04, at approximately 2120 hours, during cell searches in Housing Unit A3 stabbing type weapons were discovered in Cells A3/101U, 136U and 212U, cell 101 occupied by Inmate GOMEZ, P-15134, Cell 136, Inmate EDWARDS, K-56217, Cell 212 Inmate CONTRERAS, E-59058. Circumstances are as follows: On 11/10/04, Investigative Services Officers, J. Magdaleno ISU #4, and Y. Salazar ISU #2, reported to Facility "A" Housing Unit, as a part of the search team conducting searches for contraband on "A" Yard. Upon arrival they were informed that mattresses from all cells were being sent to R&R for X-Rays. All mattresses prior to leaving the cells were marked with the assigned Inmates Bunk, Name and CDC Number, to insure accountability of any suspected contraband discovered. At approximately 2200 hours, C/O, Magdaleno searched a mattress that was marked with Inmate CONTRERAS, E-59058, A3-212. Inmate CONTRERAS was escorted to the search area and observed C/O Magdaleno cut open the mattress and discovered within the mattress a piece of round metal stock measuring approximately 5" inches in length and 1/8" in diameter. It was sharpened on one end with masking tape wrapped on the other end in the shape of a handle. Utilizing a Fuji 7000 Digital Camera, C/O, Magdaleno photographed the weapon. He secured it in an evidence envelope and maintained possession of it.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| LT. B.E. DAUBENSPECK SENIOR HEARING OFFICER | | |
| COPY OF CDC 115-C GIVEN TO INMATE ☒ | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

23>

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C

PAGE _4_ OF _6_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-59058 | CONTRERAS | FA-04-11-030 | CENTINELA | 12/7/04 |

| ☐ SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |
|---|---|---|---|---|---|

Supplemental Report to the CDC-837, Log # CEN-FA3-04-12-0379, which states by C/O, J. Magdaleno: On 11/10/04, The Investigative Services Unit (ISU) reported to Facility "A" to assist Yard Staff searching the Facility "A" Law Library and Building A3. Upon completed searching of the library, I reported to A3 to assist Yard Staff. Upon my arrival I was informed that all mattresses were being sent to R&R for X-Rays, all mattresses with contraband inside were set aside for searching. At approximately 2145 hours, I searched a mattress belonging to Inmate CONTRERAS, E-59058, A3-212. The mattress had Inmate CONTRERAS name, CDC number and bed number written on it. I called for CONTRERAS to be present during the search. I cut the mattress in the marked area, and discovered a piece of round metal stock measuring approximately 5" in length and 1/3" in diameter, sharpened in one end and masking tape on the other end as handle. Utilizing a Fuji s 7000 digital camera, I photographed the weapon, the mattress and Inmate CONTRERAS. I placed the weapon and a piece of cloth containing the Inmate's name, CDC number and cell number in an evidence envelope.
- WAS THIS MATTRESS FROM BOTTOM BUNK(L) OR TOP BUNK (U) ?

DISPOSITION: Assessed 360 days forfeiture of behavioral credits consistent with a Division "A1" offense. POSSESSION OF INMATE MANUFACTURED WEAPON.

Referred to ICC for Program Review. / Consideration of a SHU Term.

Inmate CONTRERAS was informed that the disposition of this Rules Violation Report would not become final until reviewed and approved by the Chief Disciplinary Officer. Inmate CONTRERAS was informed that he would receive a final copy upon approval of the Chief Disciplinary Officer. Inmate CONTRERAS was advised of his right to appeal the findings of this hearing, and that the first level of appeal has been eliminated on disciplinary issues. Inmate CONTRERAS was informed that Division A, B, and C credit losses are not restorable.

Lt. B.E. DAUBENSPECK, Senior Hearing Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 12-7-04 |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 12/22/04 | |

CDC 115-C (5/95)

OSP 99 253



*Centinela*
STATE PRISON
**INVESTIGATIVE SERVICES UNIT**



*A5-237*

## DISTRICT ATTORNEY REFERRAL STATUS REPORT
## IMPERIAL COUNTY DISTRICT ATTORNEY

Date: __12/16/04__

Date: I.R. Received: __12/03/04__

Report Dated: __11/10/04__

Incident Report (IR) Number: __CEN-FA3-04-11-0379__

Incident Report Title: __P.C. 4502 (A)__

Inmate Name & CDC Number: __CONTRERAS, Gilbert, E-59058__

The above case was evaluated for referral to the Imperial County District Attorney and the following decision was made:

_____ (A)  Report returned to involved staff for more data.

_____ (B)  Investigation being conducted by the Investigative Services Unit.

__XX__ (C)  No referral to the District Attorney will be made due to:

_____ (1)  There was no significant injury.

_____ (2)  Potential for injury existed, but victim/witness will not testify.

__XX__ (3)  Prima facie evidence exists, but there is insufficient data for other than an administrative action.

_____ (4)  Insufficient quantity of drugs for prosecution.

_____ (5)  Incomplete chain of evidence.

_____ (6)  Inmate has an extended sentence and the most appropriate resolution will be effected via administrative disposition.

_____ (7)  Non referable offense.

_____ (8)  Does not meet criteria of agreement with D.A.

_____ (9)  Factually unfounded.

_____ (10)  Lack of Probable Cause.

_____ (11)  Other: _____

_____

_____ (a)  On ____/____/____, this case was *referred* to the Imperial County District Attorney.

_____ (b)  On ____/____/____, the Investigative Services Unit received written notice that the Imperial County District Attorney *reject/dismissed* this case for prosecution.

_____ (c)  On ____/____/____, the Investigative Services Unit received written notice that the Imperial County District Attorney *accepted* this case for prosecution.

__XX__ (d)  Any pending disciplinary action should be completed at this time and a closure report forwarded to the Associate Warden-Housing for distribution.

The above is pursuant to California Code of Regulations, Title 15, Section 3316, which allows for discretionary referral of criminal cases. Any questions may be addressed via the Investigative Services Unit, at extension 5510.

Investigative Services Unit

Centinela State Prison

CC:

ROUTING:
WHITE • 837 Incident Package - BLUE • Chief Deputy Warden -GREEN • Captain _____ · CANARY · Facility Lieutenant _____
PINK • Records (C-File) - GOLDENROD- • Inmate

# EXHIBIT



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|---|
| 859053 | CONTRERAS | | CCR3005(a) | 11/10/04 | CENTINELA | FA-04-11-030 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☒ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | 11-18-04 |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ N/A | N/A |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | ▶ N/A | |
| ☐ ASSIGNED | DATE     NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON  DOES NOT MEET THE CRITERIA PER CCR3315(d)(2)(A). | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | N/A | 11/18/07 |
| ☒ ASSIGNED | DATE 11/16/04    NAME OF STAFF  B. Pacrem | |
| ☐ NOT ASSIGNED | REASON  DOES NOT MEET THE CRITERIA PER CCR3315(d)(1)(A). | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

I informed inmate CONTRERAS that I was assigned as the Investigative Employee. I explained to inmate CONTRERAS that my function was to gather information, question staff and inmates, screen witnesses, and/or complete and submit a written report to the Senior Hearing Officer. Inmate CONTRERAS stated that he understood my position as the Investigative Employee and DID NOT have any objections to my assignment.

INMATE STATEMENT: Inmate CONTRERAS, 859053, A5-237L, made the following statement;
"On Wednesday, November 10, 2004, a search of all building A5 was conducted. In cell 212, the cell that I lived in, and inmate manufactured weapon was found in the mattress that was assigned to bunk 212 U which was the bunk that I was assigned to. I had no acknowledgment to it being there or to any weapons or contraband.

I had just been in that cell for about 9 or 10 days. I was asked by C/O Delira to move, that the Sergeant needed the cell. I told C/O Delira that I didn't want to move, I just did not feel right about moving and said it to C/O Delira. He told me that I would not be moved out of the building A3 (I had already been moved around 3 times in a month and a half) and for me to move to cell 212 and that for me to look for a person to cell up with and that when he returned from his days off that he would move me (us) back to cell 223. That never happened. He told me to hold on, so I was stuck there and this happens.

| I.E. issued on 11-21-04 | Continued on | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|---|
| A) 1420 | by C/O Instructor LIEBER, Correctional Officer | ▶ by C/O Instructor | |

☐ COPY OF CDC 115-A GIVEN INMATE

| BY: (STAFF'S SIGNATURE) | | TIME | DATE |
|---|---|---|---|
| ▶ C./ | B. PACREM | 2020 | 11/18/04 |

OSP 03

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT—PART C
PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| 359053 | CONTRERAS | FA-04-11-039 | CENTINELA | 11/20/04 |

| ☐ SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER_____ |
|---|---|---|---|---|---|

Before moving to cell 212, I asked POLISA if I could take my mattress, he told me NO and that there was one already in cell 212.

Upon getting to into cell 212 I did check the mattress but felt nothing. It's almost impossible to feel anything in them mattress. All mattresses were taked to 212 fo X-rays. After my cell was searched, I was taken back to my cell. About 1 hour later I was taken back to dayroom. ISU Sergeant than tells me that X-rays shows that something is in the mattress assigned to me and if I knew what it was to let him know. I did not know, my answer was "I don't know."

The mattress was cut open where they had marked an X where the X-ray showed that something was there. As ISU cut and searched for contraband where they had marked an X, he could not find nothing. Digital camera was being used as he cut and searched. They had to call for the wand to be used to find contraband. As I said, it impossible to feel anything with one's hand in the mattress. Also, they did not find the contraband where the mark of X was, it was found on other side of there mark, how did it move?

```
****************************************************
*                                                  *
*  O...weapon found here                           *
*                                                  *
*      X...x-ray shows here                        *
****************************************************
```

I asked when weapon was found if it please not be handled and placed in evidence bag and checked for finger prints to prove that I never touched that weapon.

I was told that no print would be found because the cotton from mattress would have wiped clean. The incident report stated that weapon had masking tape as handle. I feel prints could be found on tape.

My cell, 212, was searched after the evening meal, approximately 7-7:30 PM. The search of bldg 3 started at approximately 2:30 PM. If I had any acknowledgment of any contraband, don't you think that I would have got rid of it. I had much time to do so. All inmates in A3 knew that mattresses were being X-rayed. "I knew nothing about no weapon or contraband." Can we see the film taken that day? I ask we do. I don't know inmate GOMEZ, P15134. I know him a little now that we are celled together. I don't know inmate EDWARDS, K55271, either.

REPORTING EMPLOYEE'S STATEMENT: J. MAGDALENO, SECURITY SQUAD #3, 2nd Watch, made the following statement; "On 11/10/04 , I searched a matress assigned to inmate CONTRERAS . Inside I discovered and recovered an inmate manufactured weapon.

I I    Assured         11-21-04

A-l    ISU           here

B-l    c/o almond Ed l

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| B. PADRIA, Correctional Officer | |

| | GIVEN BY: (Staffs Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | | |

OSP 99 25001

8)

STATE OF CALIFORNIA

RULES VIOLATION REPORT—PART C

DEPARTMENT OF CORRECTIONS
PAGE __ OF __

| CDC NUMBER E59058 | INMATE'S NAME CONTRERAS AS 231C | LOG NUMBER FA-04-11-030 | INSTITUTION CENTINELA | TODAY'S DATE 11/20/04 |
|---|---|---|---|---|

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER _____

STAFF WITNESS STATEMENT: NONE

INMATE WITNESS STATEMENT: NONE

INVESTIGATIVE EMPLOYEE'S STATEMENT: B.PACREM, Correctional Officer, made the following statement; "NONE"

STAFF WITNESSES REQUESTED AT HEARING ..................... MAGDALENO, C/O, ISU, S/S/H
DELIRA, A3 FLOOR OFF., F/S

INMATE WITNESSES REQUESTED AT HEARING ..................... NONE

REPORTING EMPLOYEE REQUESTED AT HEARING .................... YES [X] NO [ ]

INVESTIGATIVE EMPLOYEE REQUESTED AT HEARING .............. YES [ ] NO [X]

ADDITIONAL INFORMATION CONTAINED IN CONFIDENTIAL REPORTS ... YES [ ] NO [X]

I.E. issued on: 11-21-04  At: 1420

By: C/O PACREM

WITNESSES WERE NOT AT HEARING
LT. DAUBENSPECT MADE A PHONE CALL
TO C/O DELIRA. IF I.E. REPORT WAS
READ AND LOOKED OVER HE WOULD HAVE
KNOWN THAT I WANTED THESE WITNESS
AT HEARING AND HAD ASKED ME IF
I HAD ANY WITNESS.

| SIGNATURE OF WRITER B. PACREM, Correctional Officer | | DATE SIGNED |
|---|---|---|
| COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

OSP 99 2504

# EXHIBIT



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **MAY 2 5 2005**

In re: Contreras, E-59058
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0408712        Local Log No.: CEN 04-01913

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner Rick Manuel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #FA-04-11-030, dated November 10, 2004, for Possession of an Inmate-Manufactured Weapon. It is the appellant's position that he was inappropriately found guilty of the RVR charge. The appellant denies the RVR charge, claiming that staff failed to investigate this matter. The appellant claims the following procedural errors: (1) The Senior Hearing Officer (SHO) did not read the Investigative Employee (IE) report; (2) The Reporting Employee (RE) did not find the weapon in the marked area of the mattress, rather the RE had to turn the mattress over prior to finding the weapon; (3) The appellant claims that he had only been assigned to cell #212 for nine or ten days, and had no knowledge of the weapon; (4) The appellant claims that his cell was not search prior to him moving in; and (5) The SHO inappropriately disallowed the appellant to use the statement of his ex-cellmate. The appellant requests on appeal that the RVR be dismissed.

II   SECOND LEVEL'S DECISION: The reviewer found that the appellant was appropriately found guilty of the RVR charge. The reviewer considered the appellant's concerns; however, determined that his explanation does not justify his request. The reviewer responded to each of the appellant's concerns: (1) As for the appellant's claim that the SHO did not read the IE report, the reviewer states that this is untrue. The reviewer points out that the SHO documents in the Finding section of the RVR that the SHO based his decision on the RVR, which contained the IE report and the CDC Form 837, Crime/Incident Report; (2) As for the appellant's claim that the RE did not find the weapon in the marked area, the reviewer states that this claim is untrue. The reviewer states that the RE clearly documents that he cut the mattress in the marked area and discovered a piece of round mental stock, sharpened at one end with a taped handle at the other end. The appellant further points out that there are no rules that would prevent the RE from turning the mattress over and cutting into it from the other side. The reviewer states that this issue is moot; (3) The reviewer affirms that the appellant had only been assigned to cell #212 since October 28, 2004. However, the reviewer reminds the appellant since he had been assigned to cell #212 for 14 days prior to the discovery of the inmate-manufactured weapon, the appellant had ample time to notice that his mattress had been tampered with and that he should have reported this to staff. In that he did not report this to staff, the inmate-manufactured weapon became his responsibility; (4) As for the appellant's claim that his cell was not searched prior to him being placed in it, the reviewer states that this claim is true. A review of the Housing Unit A-3 cell search logbook did not indicate that cell #212 had been searched prior to the appellant being assigned to the cell. However, the reviewer maintains that the appellant was in the cell for 14 days prior to the discovery of the contraband and had ample time to notice that his mattress had been tampered with and to notice staff. The reviewer finds this claim to be without merit; and (5) As for the appellant's claim that the SHO disallowed him to use the statement of an ex-cellmate, the reviewer states that this claim has no merit. The reviewer states that there is no record within the RVR indicating that the appellant presented any written evidence to the SHO for consideration. The reviewer points out that the appellant could have called the ex-cellmate as a witness at the hearing, but elected to waive his initial request to call a witness, as indicated on the related CDC Form 115-C. Despite the appellant's disagreement with the guilty finding, the reviewer concludes that

CONTRERAS, E-59058
CASE NO. 0408712
PAGE 2

he has failed to offer any new or compelling evidence that substantiates his claim. The appeal was denied at the Second Level of Review (SLR).

III **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

A. **FINDINGS:** The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the SLR. There is no evidence that supports the appellant's contention that he was inappropriately found guilty. As for the appellant's claim that staff committed several procedural errors during the processing of the RVR, the examiner finds that the presented evidence clearly supports the guilt finding. As for the appellant's cell not being searched prior to him be assigned cell #212, the California Code of Regulations, Title 15, Section (CCR) 3287 states in part, "Insofar as possible, a cell, room, or dormitory bed area and locker will be thoroughly inspected immediately upon its vacancy and again, if there is a significant time lapse, before another inmate is assigned to the same cell, room or dormitory bed and locker. Such inspections are required and must be recorded for segregation, isolation and security housing unit cells. The purpose of such inspections is to fix responsibility or the absence of responsibility for security and safety hazards and serious contraband found in the cell, room or dormitory area." It is clear that this citation requires segregations cells, isolation cells, SHU cells must be searched prior to a new inmate be assigned the cell; however, the citation does not mandate that a general inmate population cell, room, or dormitory be searched prior to the assignment of a new inmate. On March 22, 2005, the examiner contacted staff at Centinela State Prison (CEN) and verified that Housing Unit A-3 is not an Administrative Segregation Unit, isolation building or a SHU. The examiner concurs that the appellant has failed to offer any new evidence that legitimately challenges the guilty finding. Relief at the Director's Level of Review is not warranted.

B. **BASIS FOR THE DECISION:**
CCR: 3001, 3006, 3270, 3287, 3315, 3320

C. **ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CTF
        Appeals Coordinator, CTF
        Appeals Coordinator, CEN

# EXHIBIT



SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

**FILED**

OCT 23 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
~~K. Hanson~~ DEPUTY

In re                    )    Case No.: HC 5350

                            )

      Gilbert Contreras (E-59058)    )    ORDER

                            )

                On Habeas Corpus. )

_____ )

       Petitioner brought the instant petition contending that his due process rights were violated by the CDCR's issuance of a Rules Violation Report against him and his subsequent loss of 360 days' credit. Specifically, Petitioner claimed that there was insufficient evidence upon which to find him guilty of being in possession of an inmate-manufactured weapon.

       In the context of disciplinary hearings, due process requires that an inmate must receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent v. Hill* (1985) 472 U.S. 445, 454 (citation omitted). Due process is satisfied if there is "any evidence in the record tending to support the conclusion reached by the disciplinary board." *Id.* at 456.

       Petitioner was charged and found guilty of a serious rule violation when his assigned mattress was found to contain an inmate manufactured weapon. Petitioner denies any knowledge of the weapon's existence. At the rule violation hearing, Petitioner explained that he had been moved from his cell approximately three times over a 6-week period. The fourth time he was asked to move, Petitioner objected. The correctional officer explained that the facility needed cell 223 where Petitioner was than-housed, and that the petitioner would temporarily be placed in cell 212. Petitioner sought to take his mattress from cell 223 to cell 212 but the officer declined,

1  stating that cell 212 already had a mattress. Prior to Petitioner's return to cell 223, cell 212 was

2  searched and a weapon was found in the existing mattress.

3      At the Director's Level of review, a specific finding was made that general population

4  cells, rooms and dorms are not required by law to be searched prior to the assignment of a new

5  inmate, based upon his interpretation of 15 CCR sec. 3287.[1]   In the officer's view, the

6  responsibility for inspecting general population housing units rest with the inmate.

7      This Court disagreed.  Section 3287 falls squarely within Article 2 of Title 15 of the

8  California Code of Regulations.  Article 2 is entitled "Security" and sets forth, *inter alia*, the

9  general policy of the institution (training employees to effectively maintain prison safety and

10 security); the responsibility of prison employees (provide for the safe custody of inmates); and

11 employee inspections of cells, rooms and dorms.  15 CCR secs. 3270, 3271, 3287.  Section 3287

12 explains, in part:

13      "(a)    Insofar as possible, a cell, room, or dormitory bed area and locker will be
        thoroughly inspected immediately upon its vacancy and again, if there is a significant
14      time lapse, before another inmate is assigned to the same cell, room or dormitory bed and
        locker.  Such inspections are required and must be recorded for segregation, isolation and
15      security housing unit cells.  The purpose of such inspections is to fix responsibility or the
        absence of responsibility for security and safety hazards and serious contraband found in
16      the cell, room or dormitory area.

17      (1)    Occupied cells, rooms and dormitory areas . . . will be inspected on an infrequent
        and unscheduled basis. . . .
18

19      (2)    Cell and property inspections are necessary in order to detect and control serious
        contraband and to maintain institution security.  Such inspections will not be used as a
20      punitive measure nor to harass an inmate.  Every reasonable precaution will be taken to
        avoid damage to personal property and to leave the inmate's quarters and property in
21      good order upon completion of the inspection."

22 The intent of Section 3287, and indeed, all of Article 2, is that responsibility for ensuring prison

23 safety will be borne by prison staff, and not the inmates.  Thus, it is the facility's responsibility to

24

25
    ───────────────────────────
    [1]  Unless stated otherwise, all further references to "Section" refer to the California Code of Regulations.

                                    2

1    inspect cells and items found within those cells for contraband, and not the inmate.  Section 3287

2    does not limit the facility's responsibility to inspect only those cells which are outside of the

3    general population, it simply mandates that inspection of certain units within the facility be

4    performed and recorded.  15 CCR sec. 3287(a).

5        In denying Petitioner's administrative appeal, the reviewing officer concluded that

6    because Petitioner had been assigned to cell 212 several days prior to the inspection and

7    discovery, "the appellant had ample time to notice that his mattress had been tampered with and

8    . . . should have reported this to staff.  In that he did not report this to staff, the inmate-

9    manufactured weapon became his responsibility."  In this Court's view, given the facility's

10   general policy requiring employees to be trained to safeguard prison security, it would follow

11   that an officer's training and experience would better enable an officer than an inmate to discern

12   which areas within a cell to inspect in order to ensure prison safety.  To hold otherwise would

13   conceivably lead to an inmate being charged with destruction of property when he seeks to

14   inspect his cell by removing air vent coverings, loose floor or ceiling tiles, or, as officials did

15   here, by cutting into his assigned mattress.

16       However, subsequent to the Court's interim order and request from Respondent for an

17   informal response to address the issues raised herein, the Appellate Court held that "due process

18   requirements imposed by the Constitution "do not authorize courts to reverse prison disciplinary

19   actions simply because, in the court's view, there is a realistic possibility the prisoner being

20   disciplined is not guilty of the charged infraction."  *In re Zepeda* (August 14, 2006, D047776) __

21   Cal.App.4[th] __.  There, as here, the evidence adduced at the petitioner's disciplinary hearing was

22   meager in the eyes of the Court.  However, there is some evidence in the record to support the

23   findings of the hearing officer that Petitioner was in possession of a weapon.  Accordingly, the

24   petition is now DENIED.

25   / / /

3

1        IT IS SO ORDERED.

2   Dated:        OCT 2 3 2006

3

4                                              Hon. Marla O. Anderson
                                               Judge of the Superior Court
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

## CERTIFICATE OF MAILING

2

### C.C.P. SEC. 1013a

3        I do hereby certify that I am not a party to the within stated cause and that on

4 _____ OCT 2 3 2006 I deposited true and correct copies of the following document:

5 ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

6 California, directed to each of the following named persons at their respective addresses as

7 hereinafter set forth:

8
  Gilbert Contreras (E-59058)
9 CTF-Soledad, DW-243L
  P.O. Box 689
10 Soledad, CA  93960-0689

11 Office of the Attorney General
   455 Golden Gate Ave., Suite 11000
12 San Francisco, CA  94102
   Attn:  Correctional Law Section
13

14 Pam Ham, DDA
   Office of the District Attorney
15 240 Church St., Rm. 101
   Salinas, CA  93901
16
   Dated:_____ OCT 2 3 2006
17                                    LISA M. GALDOS,
                                      Clerk of the Court
18

19                                    By: _____
                                         Deputy
20                                              K. Hanson

21

22

23

24

25

5



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

FEB ? ? 2007

MICHAEL J. YERLY, Clerk

By _____
DEPUTY

In re GILBERT CONTRERAS,

on Habeas Corpus.

H031100
(Monterey County
Super. Ct. No. HC5350)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Premo, Acting P.J., Elia, J., and Duffy, J., participated in this decision.)

Dated _____FEB 2 0 2007_____    _____**PREMO, J.**_____ Acting P.J.

S150892

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re GILBERT CONTRERAS on Habeas Corpus

The petition for writ of habeas corpus is denied.

George, C. J., was absent and did not participate.

SUPREME COURT
**FILED**

APR 1 1 2007

Frederick K. Ohlrich Clerk

_____
Deputy

**MORENO**
_____
Acting Chief Justice

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, __GILBERT CONTRERAS_____, declare:

I am over 18 years of age and a party to this action. I am a resident of __MONTEREY COUNTY__

_____CALIFORNIA TRAINING FACILITY – CENTRAL_____Prison,

in the county of ____MONTEREY_____,

State of California. My prison address is: __P.O. Box 689 DW-243 Upper, Soledad, Ca. 93960-0689__

_____.

On_____,

(DATE)

I served the attached: __Petitioner for Writ of Habeas Corpus._____

_____

(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

Clerk of the U.S. District Court             Office of the Attorney General
Northern District of California              455 Golden Gate Avenue, Suite 11000
450 Golden Gate Avenue Box 36060             San Francisco, Ca. 94102-7004
San Francisco, Ca. 94102

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on __5-7-07_____            _Hilbert R. Contreras/__
(DATE)                              (DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)                                    ::ODMA\PCDOCS\WORDPERFECT\22832\1

Case Number: _____

# CERTIFICATE OF FUNDS
## IN
## PRISONER'S ACCOUNT

I certify that attached is a true and correct copy of the

prisoner's trust account statement showing transactions of

_Contreras, G. #E59058_    for the last six months
(prisoner name)

at **CORRECTIONAL TRAINING FACILITY-SOLEDAD**  where
(name of institution)

(s)he is confined.

I further certify that the average deposits each month to this

prisoner's account for the most recent 6-month period were

$ _10.36_   and the average balance in the prisoner's account

each month for the most recent 6-month period was $ _18,891.67_ .

Dated: _6-15-07_        _R. Stedly_
Authorized officer of the institution



THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.
ATTEST:
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY _____
TRUST OFFICE

REPORT ID: TS3030

REPORT DATE: 06/04/07
PAGE NO:        1

CALIFORNIA DEPARTMENT OF CORRECTIONS
CTF SOLEDAD/TRUST ACCOUNTING
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: DEC. 01, 2006 THRU JUN. 04, 2007

ACCOUNT NUMBER : E59058                BED/CELL NUMBER: CFDWT2000000243L
ACCOUNT NAME   : CONTRERAS, GILBERT RAYMOND    ACCOUNT TYPE: I
PRIVILEGE GROUP: B

TRUST ACCOUNT ACTIVITY

| DATE | TRAN CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |
|------|-----------|-------------|---------|-----------|----------|-------------|---------|
| 12/01/2006 | | BEGINNING BALANCE | | | | | 25,822.03 |
| 12/08 | W415 | CASH WITHDRAW | 1662 TWO | 203431502 | | 2,100.00 | 23,722.03 |
| 12/18 | FC01 | DRAW-FAC 1 | 1764 ML | | | 90.00 | 23,632.03 |
| | | ACTIVITY FOR 2007 | | | | | |
| 01/10 | D300 | CASH DEPOSIT | 1996 8905 | | 30.00 | | 23,662.03 |
| 01/16 | FC01 | DRAW-FAC 1 | 2032 MAINL | | | 90.00 | 23,572.03 |
| 01/24 | W512 | LEGAL POSTAGE | 2147 LPOST | | | 4.20 | 23,567.83 |
| 01/24 | W512 | LEGAL POSTAGE | 2147 LPOST | | | 1.59 | 23,566.24 |
| 02/13 | FC01 | DRAW-FAC 1 | 2353 M/L | | | 90.00 | 23,476.24 |
| 02/20 | W415 | CASH WITHDRAW | 2428 TWO | 203432492 | | 3,000.00 | 20,476.24 |
| 02/21 | W415 | CASH WITHDRAW | 2461 NOV06 | 203432509 | | 5,000.00 | 15,476.24 |
| 03/15 | W512 | LEGAL POSTAGE | 2707 LPOST | | | 5.60 | 15,470.64 |
| 03/19 | FC01 | DRAW-FAC 1 | 2737 ML | | | 90.00 | 15,380.64 |
| 04/10 | W389 | DONATION - YO | 3003PIONEE | | | 345.25 | 15,035.39 |
| 04/11 | W415 | CASH WITHDRAW | 3023 MARCH | 203433388 | | 500.00 | 14,535.39 |
| 04/13 | W415 | CASH WITHDRAW | 3067 APR07 | 203433547 | | 998.63 | 13,536.76 |
| 04/16 | FC01 | DRAW-FAC 1 | 3108 ML | | | 90.00 | 13,446.76 |
| 04/19 | W450 | DONATION-VETE | 3158 CINCO | | | 64.85 | 13,381.91 |
| 05/05 | W700 | IWF SP SURCHA | 3312 2QPKG | | | 23.11 | 13,358.80 |
| 05/05 | W350 | SPECIAL PURCH | 3312 2QPKG | 203433720 | | 231.10 | 13,127.70 |
| 05/09 | W415 | CASH WITHDRAW | 3358 APR07 | 203433863 | | 300.00 | 12,827.70 |
| 05/15 | FC01 | DRAW-FAC 1 | 3427 ML | | | 90.00 | 12,737.70 |
| 05/24 | W415 | CASH WITHDRAW | 3561 MAY07 | 203434053 | | 194.38 | 12,543.32 |
| 05/25 | W512 | LEGAL POSTAGE | 3564 LPOST | | | 1.83 | 12,541.49 |
| 05/31 | D200 | CASH DEPOSIT- | 3630 75930 | | 32.13 | | 12,573.62 |
| 05/31 | W905 | REVERSE IWF S | 3630 75930 | | | 3.21- | 12,576.83 |

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|-------------------|----------------|------------------|-----------------|---------------|---------------------------|
| 25,822.03 | 62.13 | 13,307.33 | 12,576.83 | 0.00 | 0.00 |



THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.
ATTEST:
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY _____
TRUST OFFICE

CURRENT
AVAILABLE
BALANCE
--------------
12,576.83
--------------
--------------

# FEDERAL FILING FEES WORK SHEET

NAME:                CDC#:              DATE:

Contreras, G.          E59058              6|4|07

| DATES | AVERAGE DEPOSIT | AVERAGE BALANCE |
|-------|----------------|-----------------|
| 12|06 | 0 | 24,155.58 |
| 1|07 | 30.00 | 24,412.08 |
| 2|07 | 0 | 21,121.95 |
| 3|07 | 0 | 15,435.43 |
| 4|07 | 0 | 14,135.51 |
| 5|07 | 32.13 | 14,089.46 |
| TOTAL: | 62.13  ÷  6 | 113,350.01  ÷  6 |
| MONTHLY AVERAGE: | 10.36 | 18,891.67 |

1) Deposits are based on total deposits after restitution deductions.
2) First and last months are combined to total 1 full month.