EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
ELIZABETH S. KIM, State Bar No. 166599
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone: (415) 703-5715
 Fax: (415) 703-5843
 Email: Elizabeth.Kim@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| GILBERT CONTRERAS, | C07-03774 SBA |
|---|---|
| Petitioner, | NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| BEN CURRY, Warden | |
| Respondent. | |

TO PETITIONER GILBERT CONTRERAS, IN PRO PER:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, Respondent Ben Curry, Acting Warden of Correctional Training Facility, moves the Court for an order dismissing the above-entitled action on the ground that the habeas corpus petition is time-barred under the applicable one-year statute of limitations.

This motion is based on this notice and the motion, the supporting memorandum of points and authorities, the pleadings, the records, and the files in this case.

\\\

**STATEMENT OF RELEVANT FACTS**

Petitioner challenges as unlawful a December 7, 2004 decision by the prison disciplinary hearing officer finding him guilty of possession of an inmate-manufactured weapon. (Pet.) After the guilty determination, Petitioner filed an inmate appeal, and the appeal was exhausted through the Director's level when the Director issued a final decision rejecting the appeal on May 25, 2005. (Ex. C to Pet.) Subsequently, on April 25, 2006[1], Petitioner filed a habeas petition with the Monterey County Superior Court, and in a reasoned decision, the petition was denied on October 23, 2006. (Ex. 1 - Pet. to Super. Ct.; Ex. D to Pet.) Petitioner next filed a habeas petition with the state Sixth Appellate District Court on January 19, 2006, which was summarily denied on February 20, 2007. (Ex. 2 - Ct. App. Docket; Ex. D to Pet.) Finally, Petitioner filed a petition with the California Supreme Court on March 12, 2007, which was summarily denied on April 11, 2007. (Ex. 3 - Cal. Sup. Ct. Docket; Ex. D to Pet.) Petitioner initiated the current proceeding by filing a habeas petition in this Court on July 23, 2007.

In summary, the dates relevant to the statute of limitations calculations are set forth below:

- Disciplinary Hearing        December 7, 2004 (found guilty)
- Director's Level Inmate Appeal Decision    May 25, 2005
- Monterey Superior      Pet. Filed 4/25/06   Denied 10/23/06
- Cal. Ct. of Appeal      Pet. Filed 1/19/07   Denied 2/20/07
- Cal. Supreme Court     Pet. Filed 3/12/07   Denied 4/11/07
- U.S. Dist. Ct. (07-3774) Pet. Filed 7/23/07   Pending

**ARGUMENT**

**THE HABEAS CORPUS PETITION MUST BE DISMISSED BECAUSE IT IS TIME-BARRED UNDER THE ONE-YEAR STATUTE OF LIMITATIONS.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) states that "[a]1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

---

1. Petitioner alleges that he filed his habeas petition with the Monterey County Superior Court on or about June 17, 2005 (Pet. at 4), but it was not filed until April 25, 2006. (Ex. 1.)

Notice of Mot. & Mot. to Dismiss                              *Contreras v. Curry*
                                                              C07-03774 SBA

2

custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This one-year limitation period applies to all 28 U.S.C. § 2254 habeas corpus petitions filed by persons in custody pursuant to the judgment of a state court. *Shelby v. Bartlett*, 391 F.3d 1061, 1063-65 (9th Cir. 2004).

In habeas petitions challenging prison administrative decisions, the limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Redd v. McGrath*, 343 F.3d 1077, 1081-82 (9th Cir. 2003). The one-year limitation period is statutorily tolled, however, during the time "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2); *Redd*, 343 F.3d at 1080-81, 1084 (once prisoners "file their state habeas petitions, they get the benefit of statutory tolling until state habeas review is complete").

Here, the date of the "factual predicate" or the basis of Petitioner's habeas petition was the date of the disciplinary hearing, December 7, 2004, when he was found guilty of possession of an inmate-manufactured weapon. (Pet. at 2; Ex. A to Pet.) Thus, the statute of limitations began to run on December 8, 2004, the day after the guilty adjudication, and absent tolling, Petitioner had until December 7, 2005, to file his federal habeas petition. *Shelby*, 391 F.3d at 1066; *Redd*, 343 F.3d at 1084.

Petitioner filed a habeas petition with the Monterey County Superior Court on April 25, 2006, almost exactly eleven months after exhausting his prison administrative remedies. (Ex. 1; Ex. C to Pet.) Thus, Petitioner had one month and one day, after exhausting his state court remedies, to file his federal habeas petition. After the California Supreme Court denied his petition on April 11, 2007, (Ex. 1-3; Ex. D to Pet.), Petitioner filed his federal habeas petition on July 23, 2007, three months and twenty-two days after the California Supreme Court's decision. Petitioner, therefore, filed his federal habeas petition two months and three weeks too late.

Moreover, the limitations period was not tolled, due to unreasonable delay, between the Monterey County Superior Court's denial of his petition on October 23, 2006, and January 19, 2007, the date Petitioner's habeas petition to the state court of appeal was filed (88 days). (Exs.

1-2.) Although the one-year limitation period is statutorily tolled during the time a properly filed application for collateral review is pending, 28 U.S.C. § 2244(d)(2), to count as "pending" the days between the time the lower court reached an adverse decision and the day the prisoner filed a petition in the higher court, the petition to the higher court must have been filed within a reasonable time. *Evans v. Chavis*, 546 U.S. 189, 126 S. Ct. 846, 849-50, 854 (2006) (six months of unexplained delay found unreasonable); *Culver v. Director of Corrections*, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (unexplained 71-day and 97-day delays between dismissal of one state collateral relief petition and the filing of another found unreasonable). Thus, without the tolling of this time-period, Petitioner's federal petition was filed more than five months too late.

## CONCLUSION

Petitioner's habeas corpus petition was filed beyond the one-year limitations period; therefore, Respondent respectfully requests a dismissal of his petition with prejudice.

Dated: October 30, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

ELIZABETH S. KIM
Deputy Attorney General
Attorneys for Respondent

20111442.wpd
SF2007200713

Notice of Mot. & Mot. to Dismiss

*Contreras v. Curry*
C07-03774 SBA

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Gilbert Contreras v. Ben Curry**

Case No.:    **C07-03774 SBA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>November 1, 2007</u>, I served the attached

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Gilbert Contreras
E-59058
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 1, 2007, at San Francisco, California.

|  |  |
|---|---|
| Michael Xiang | *[signature]* |
| Declarant | Signature |

20111805.wpd