# EXHIBIT   1



Superior Court of California, County of Monterey

# PUBLIC ACCESS



**Welcome**

 Home

 Index Search

 Public Calendar

 Final Daily Calendar

**Having Trouble Opening the Calendars?**

**Click here to download Adobe Acrobat**



### Case Details of CRHC5350 ; *treras, Gilbert*

| Case Information | |
|---|---|
| Case Number | CRHC5350 |
| Case Caption | In Re: Contreras, Gilbert |
| Filing Date | 4/25/2006 |
| Case Type | Habeas Corpus: Salinas |
| Filing Type | Petition |
| Original Filing Date | 4/25/2006 |
| Agency | |
| Agency Number | |

| Name / AKA | | | | |
|---|---|---|---|---|
| **Party Type** | **Last Name** | **First Name** | **Middle Name** | **Is AKA** |
| PET | Contreras | Gilbert | | |

**Attorney Information**

No Attorney Information Records Found

**Schedule Events**

**Back to Top ▲**



Name  GILBERT CONTRERAS

Address P.O. BOX 689, DW-243L

SOLEDAD, CA 93960-0689

CDC or ID Number    E-59058

**FILED**

APR 2 5 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____ DEPUTY

K. Hanson

## IN THE SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF MONTRERY

*(Court)*

| |
|---|
| **GILBERT CONTRERAS** |
| Petitioner |
| vs. |
| **A. P. KANE, WARDEN** |
| Respondent |

PETITION FOR WRIT OF HABEAS CORPUS

No.   HC5350

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor.  See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275.[Rev. January 1, 1999]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

- [ ] A conviction
- [ ] A sentence
- [ ] Jail or prison conditions
- [ ] Other (specify): _____

- [ ] Parole
- [XX] Credits
- [XX] Prison discipline

1. Your name:    **GILBERT CONTRERAS**

2. Where are you incarcerated?    **SOLEDAD STATE PRISON, C.T.F. CENTRAL**

3. Why are you in custody?    [XX] Criminal Conviction    [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   **POSSESSION FOR SALES OF A CONTROLLED SUBSTANCE**

b. Penal or other code sections:    **HEALTH AND SAFETY CODE SECTION 11351**

c. Name and location of sentencing or committing court:    **SUPERIOR COURT, COUNTY OF LOS ANGELES**

d. Case number:    **BA151381**

e. Date convicted or committed:    **FEBRUARY 11, 1998**

f. Date sentenced:    **ON OR ABOUT MARCH OF 1998**

g. Length of sentence:    **FOURTEEN YEARS**

h. When do you expect to be released?    **ON OR ABOUT MAY OF 2010**

i. Were you represented by counsel in the trial court?    [XX] Yes.    [ ] No.    If yes, state the attorney's name and address:

   **LAW OFFICES OF BRANDA VARGAS**

   **3409 OCEAN VIEW BLVD., GLENDALE, CA 91208**

4. What was the LAST plea you entered? *(check one)*

   [ ] Not guilty    [XX] Guilty    [ ] Nolo Contendere    [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [ ] Jury    [ ] Judge without a jury    [ ] Submitted on transcript    [ ] Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

PETITIONER HAS BEEN DEPRIVED OF A PROTECTED LIBERTY INTEREST (360 DAYS FOREITURE

OF BEHAVIOR CREDITS) WITHOUT DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH

AMENDMENT TO THE UNITED STATES CONSTITUTION

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where).* (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

On or about August 20, 2004, petitioner was transfered to Centinela State

Prison where he was housed at A Facility, building A5 for approximately 30 days

for intake orientation. Building A5 is an Administrative Segregation (Ad Seg)

housing unit. Subsequently, petitioner was rehoused into the general population

at building A3.

On November 10, 2004, A Facility, including building A3 was searched for

contraband. Petitioner's cell, A3-212up, was subsequently searched by C/O

Magdaleno. Pursuant to this search, C/O Magdaleno found a weapon hidden in the

mattress that was assigned to petitioner's cell and bed area. Petitioner was

charged with Possession of Inmate Manufactured Weapon. (Attached as Exhibit A

is a copy of the CDC 115 Rule Violation Report, see page 1 of 4). Due to the

seriousness of the rule violation, petitioner was immediately rehoused in the

(CONTINUED ON THE FOLLOWING PAGES)

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

SUPPORTING CASES AND ARGUMENT FOLLOW THE CONCLUSION OF THE STATEMENT OF FACTS

SUPPORING FACTS CONTINUED

1   Administrative Segregation housing (Ad. Seg.) unit, in A5-237, pending a CDC

2   115 hearing. No referral was made to the District Attorney regarding this matter

3   due to insufficient data. (See Exhibit A, page 4, District Attorney Referral

4   Status Report.)

5       On November 20, 2004, an Investigative Empoloyee (IE) was assigned to

6   petitioner's case prior to the CDC 115 hearing. The IE interviewed and included

7   the petitioner's statements in his report. (Attached as Exhibit B is a copy of

8   the Investagative Empoloyee's Report.) The petitioner stated, in relevant part,

9   the following in the IE's report: Petitioner lived in cell A3-223 prior to being

10  moved into cell A3-212up; petitioner only lived in cell A3-212up for about 9

11  to 10 days before it was searched on November 10, 2004; petitioner does not

12  dispute that a weapon was found inside the mattress assigned to him, but denies

13  any knowledge and/or ownership of said weapon; petitioner did not request the

14  cell move, but rather, the move was imposed upon him by order of C/O Delira;

15  that before moving into cell A3-212up, petitioner asked C/O Delira if he could

16  take his mattress from cell A3-223 to cell A3-212up and C/O Delira said "No";

17  when the weapon was found, petitioner's request for it to be fingerprinted was

18  denied; petitioner further stated that the search began in his building at about

19  2:30pm, and that he was aware that all mattresses were being X-Rayed 5 hours

20  in advance to his cell being searched at 7:30pm; and, petitioner had ample time

21  to get rid of any known contraband. These statements by the petitioner reflected

22  in the IE's report were never contested at petitioner's CDC 115 hearing and

23  disposition. (See Exhibit A, pages 1-3, petitioner's CDC 115 hearing and

24  disposition). Although staff witnesses were requested at the hearing, none

25  appeared in dispute of petitioner's statements. (Exhibit B, page 3).

26      On December 7, 2004 petitioner's CDC 115 hearing was convened. Petitioner

27  plead not guilty, but was found guilty by the Senior Hearing Officer (SHO) based

28  upon C/O Magdaleno's Rule Violation Report (RVR) and the CDC 837 Crime/Incident

SUPPORING FACTS CONTINUED

1  report. Petitioner was assessed 360 days forfeiture of behavior credits and served

2  approximately 8 months in a Segregated Housing Unit (SHU). The reports submitted

3  to the SHO at petitioner's CDC 115 hearing reflect that the weapon found in

4  petitioner's assigned mattress was a 5" by 1/8" medal rod. Additionally, two

5  other weapons were found in mattresses assigned to cell A3-101 and cell A3-136

6  the day petitioner's building was searched. (See Exhibit A, page 2).

7      Petitioner appealed the guilty findings by the Senior Hearing Officer by

8  raising five claims for relief. (Attached as Exhibit C is the Director's Level

9  Appeal Decision, see page 1, part I). Petitioner's claims were originally reviewed

10  and denied at the Second Level. (Exhibit C, page 1, part II Second Level

11  Decision.) The Second Level Reviewer affrims that petitioner was moved into cell

12  A3-212up on October 28, 2004 and he only lived in that cell for 14 days prior

13  to the incident. Additionally, the Second Level Reviewer affirms that cell

14  A3-212up was not searched by staff prior to the petitioner being moved into that

15  cell. (See Exhibit C, page 1, part II, claims 3 and 4.)

16      Petitioner appealed the Second Level Decision to the Director's Level.

17  (Exhibit C, page 2, part III A.) The Director's Examiner concedes that cell

18  A3-212up was not searched by staff prior to petitioner being housed into that

19  cell. The Examiner relies on his interpretation of CCR, Title 15, section 3287

20  (a) in support of petitioner's guilty finding. Section 3287 (a) is the provision

21  that mandates staff to search unoccupied cells and bed areas for contraband prior

22  to assigning a new inmate into that location. The Examiner purports that section

23  3287 (a) only mandates that staff search segregation, isolation, and (SHU) cells

24  for contraband prior to a new inmate assigned the cell. The Examiner excludes

25  general population cells and bed areas from the section 3287 (a) mandate in his

26  interpretation. The Examiner cites section 3287 (a) in full, and, contacts

27  Centinela State Prison to confirm the housing status of petitioner in building

28  A3 at the time of the incident. (Exhibit C, page 2, part III A).

SUPPORING FACTS CONTINUED

1    Petitioner has exhausted all available administrative remedies. (Exhibit

2  C, page 2, part III C).

3    On or about June 17, 2005, petitioner was subsequently transfered to Soledad

4  State Prison where he is currently incarcerated.

5

6                      SUPPORTING CASES AND ARGUMENT

7    The unsubstantiated guilty finding of petitioner for Possession of Inmate

8  Manufactured Weapon resulted in the loss of 360 days of petitioner's good behavior

9  credits. (Exhibit A, page 3).

10    Penal Code Section 2932 sets forth procedures and standards that must be

11  followed before credits can be taken from a prisoner. Specifically, Section 2932

12  (c)(5) provides that: At the conclusion of the hearing the charge shall be

13  dismissed if the facts do not support the charge, or the prisoner may be found

14  guilty on the basis of a preponderance of the evidence. (Penal Code Section 2932

15  (c)(5)). Therfore, there must be a factual basis to support the charge, or there

16  must be a showing supporting a guilty finding on the basis of a preponderance

17  of the evidence standard. Neither of these requirements were met at petitioner's

18  hearing. The senior hearing officer (SHO) merely based petitioner's guilt upon

19  a single fact that a 5" by 1/8" weapon was found in the mattress that was assigned

20  to petitioner's cell and bed area in A3-212up. All documentation reviewed by

21  the SHO describing the incident only established that a weapon was found in the

22  mattress that was assigned to petitioner's cell. (Exhibit A, pages 2-3, SHO's

23  Findings based upon the Rule Violation Report (RVR) and CDC 837 Crime /Incident

24  report). The fact that a weapon was found in Petitioner's mattress has never

25  been in dispute. Petitioner readily condeded to this fact in his initial interview

26  with the Investigative Employee (IE). (Exhibit B, page 1). Petitioner asserts,

27  however, that there in no factual basis whatsoever to support the possession

28  element to the charge of Possession of Inmate Manufactured Weapon. Possession,

SUPPORTING CASES AND ARGUMENT CONTINUED

1   either actual or constructive, requires proof of knowledge, control, or ownership

2   of the item possessed. No evidence was ever produced, neither physical nor

3   testimonial, to prove that the petitioner had any knowledge of a weapon inside

4   the mattress assigned to cell and bed area A3-212up. To the contrary, in

5   consideration of all the facts, supports the conclusion that the petitioner was

6   completely ignorant of the weapon inside the mattress belonging to cell A3-212up.

7   It has been affirmed that petitioner only lived in cell A3-212up for 14 days

8   prior to the search incident, and cell A3-212up was not searched by staff prior

9   to petitioner being moved into it. (Exhibit C, page 1, part II, claim 3 and 4).

10  The undisputed statements of the petitioner further establish that petitioner

11  only moved into cell 212up by order of C/O Delira; that petitioner's request

12  to switch matttresses between cell 223 and cell 212up was denied by C/O Delira;

13  the search began at 2:30 pm, 5 hours before the search reached petitioner's cell

14  at 7:30 pm, providing petitioner with ample time to dispose of any known weapon;

15  that petitioner had advance notice of all mattresses being sent to R&R for X-ray;

16  and that petitioner's request for the weapon to be fingerprinted was denied.

17  (Exhibit B, pages 1-2, petitioner's statements in the IE's report). Both the

18  RVR and CDC Crime/Incident report support petitioner's assertion that he had

19  advance notice of all mattresses being sent to R&R for X-ray. (Exhibit A, page

20  2.) The CDC 837 report reflects that weapons were also found on the first tier

21  in cells 101 and 136. This also supports petitioner's claim that the search began

22  hours in advance before reaching the petitioner on the 2nd tier at cell 212,

23  and thus providing the petitioner with time to dispose of any contraband.

24      Other factors not disclosed by the record, however, are nonetheless evident

25  and in need of consideration. Petitioner was housed on the 2nd tier of a 270

26  degree designed building in a two-man cell. Due to this particular building

27  design, petitioner had a panoramic view from his cell door window of the inside

28  of the building. This factor alone would have given the petitioner advanced notice

1   of the manner and method in which his builing was being searched by staff on

2   the day of the incident. Moreover, A Facility was on lockdown because a note

3   threatening staff was discovered. Anyone acquainted with prison life knows far

4   in advance that a lockdown of this nature means that the entire facility,

5   buildings and cells, will be thoroughly searched. Additionally. petitioner was

6   a new arrival at this prison and unacquainted with anyone. Petitioner was also

7   53 years old at the time of the incident, far beyond the age for these kinds

8   of prison politics involving weapons. In consideration of all the facts, the

9   SHO failed to support the finding of guilt upon any fact proving the possession

10  element of the charge. Nor did the SHO meet his burden to substanitate

11  petitioner's guilt based upon a perponderance of the evidence. The findings of

12  a prison disciplinary board must be supported by "some evidence in the record."

13  (Superintendent v. Hill (1985) 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L.

14  Ed. 2d 356, 364; (accord) In re Spence (1974) 36 Cal. App. 3d 636, 640, 111 Cal.

15  Rptr. 782). Although the "some evidence" standard is stringent, the senior hearing

16  officer can only find guilt if that finding is supported by the preponderance

17  of the evidence. (Penal Code Section 2932 (c) (5)).

18      Due to petitioner's administrative segregation housing status and his

19  inability to marshal the facts on his own, petitioner was provided an

20  Investigative Employee. (Exhibit B, page 1). Penal Code Section 2932 provides

21  procedures for the fact finding process to assure that the accused recieve a

22  fair hearing and a fair and impartial decision. In this regard, CCR, Title 15,

23  Section 3318 (a) (A),(B),(C),(D), and (E) mandates that the IE perform specfic

24  duties to adequately assist in the fact finding process to comport with

25  fundamental due process. Section 3318 (a) (A)-(E) states in pretinent part: (A)

26  Interview the charged inmate; (B) Gather information; (C) Question all staff

27  and inmates who may have relevant information; (D) Screen prospective witnesses

28  and (E) Submit a written report to the senior hearing officer. The IE assigned

SUPPORTING CASES AND ARGUMENT CONTINUED

1  to petitioner performed section 3318 (a) part (A) and (E), but failed to (B)

2  Gather information; (C) Question all relevant staff and inmates; and (D) Screen

3  prospective witnesses. Clearly the IE failed to gather further information to

4  establish or dispute petitioner's defense statements. Nor did the IE question

5  C/O Delira, petitioner's cellmate, or any and all other previous inmates that

6  were assigned to cell 212up who may have had relevant information. (Exhibit B,

7  pages 1-3, IE's report). The performance of petitioner's IE was grossly inept

8  in providing adequate assistance in the fact finding process to assure that there

9  was a fair hearing and a fair and impartial decision.

10  Without argument, this matter would have already been resolved had staff

11  performed their duties as required by law and by the CCR, Title 15, section 3287

12  (a).

13  Section 3287 (a) states: "Insofar as possible, a cell, room, or dormitory

14  bed area and locker will be thoroughly inspected immediately upon its vacancy

15  and again, if there is a significant time lapse, before another inmate is assigned

16  to the same cell, room or dormitory bed and locker. Such inspections are required

17  and must be recorded for segregation, isolation, and security housing unit cells.

18  The purpose of such inspections is to fix responsibility or the absence of

19  reponsibility for security and safety hazards and serious contraband found in

20  the cell, room, or dormitory area." (Section 3287 (a) (sic)).

21  On Second Level administrative review, the Reviewer affirmed that petitioner

22  only lived in cell A3-212 for 14 days prior to the incident, and that his cell

23  was not searched prior to petitioner being placed in it. (Exhibit C, page 1,

24  part II, claims (3) and (4)). The Reviewer somehow, without citing any authority,

25  attached the responsibility of searching the mattress for the weapon upon the

26  petitioner. Nowhere in the California Code of Regulations (CCR), Title 15, does

27  it require or even suggest that an inmate conduct his own inspections or security

28  search for contraband. Section 3287 (a), supra, explicitly places that

Ground I, page 7

SUPPORTING CASES AND ARGUMENT CONTINUED

1  responsibility upon correctional staff. After all, and for logical reasons, the

2  security and safety of the public, staff and inmates alike are the primary

3  objectives of Correctional Officers employed by the California Department of

4  Corrections.

5      On final administrative review, the Director's Examiner concedes that, prior

6  to petitioner being moved, petitioner's cell and bed area was not search by staff.

7  The Examiner, however, purports that staff is not mandated to search vacant

8  general population cells. The Examiner relies exclusivly on the underscored second

9  sentence of section 3287 (a), supra, in his decision. As a result, due to

10  petitioner's general population cell status, the Examiner justifies petitioner's

11  guilt and staff's neglect to inspect the cell for contraband prior to petitioner

12  being moved into that vacant location. (Exhibit C, page 2, part III A).

13      However, the Examiner's interpretstion of section 3287 (a) is erroneous.

14  The underlined word WILL in the first sentence of section 3287 (a), supra, clearly

15  mandates staff to inspect any cell, room, or dormitory bed area and locker for

16  contraband upon its vacancy. Black's Law Dictionary defines the word WILL as;

17  "An auxiliary verb commonly having the mandatory sense of shall or must."

18  Moreover, even the Rules of Construction for the CCR, Title 15, defines the words

19  "shall" or "must" as mandatory language. (CCR, Title 15, section 3000.5). The

20  only language that could possibly justify the absence for such inspections is

21  the initial phrase; "Insofar as possible" of section 3287 (a), supra. However,

22  the record is completely devoid of any other matter present in making such an

23  inspection impossible in the instance matter of the petitioner. Furthermore,

24  it is well settled that a word or phrase shall be given the same scope and meaning

25  when it appears in separate parts of a statute. ( People v. Mirirani (1981) 30

26  Cal. 3d 375, 382, n6 [emphasis added]. Therefore, it is logical in term of overall

27  definitions, structure, and symmetry of section 3287 (a), supra, that the

28  immediate inspection for contraband of any cell and bed area upon its vacancy

SUPPORTIVE CASES AND ARGUMENT CONTINUED

1  was required by staff. It is also well grounded that an administrative regulation

2  has the force of law, and is binding on the issuing agency. (United States v.

3  Nixon (1974) 418 U.S. 683, 695-696, 94 S Ct. 3090, 41 L Ed. 2d. 1039; Atkin v.

4  Rivera (1986) 477 U.S. _____, 106 S Ct. 2456, 91 L Ed. 2d. 131). Accordingly,

5  Director's rules are binding on individual institutions. (In re French (1980)

6  106 Cal. App. 3d 74, 85, n24, 164 Cal. Rptr. 800).

7      The purpose of section 3287 (a) supra, is distinct and well defined by its

8  last sentence. It cures ever having to litigate the issues currently presented

9  in the herein petition. Such inspections fix responsibility or the absence of

10 responsibility, for serious contraband found, to whom the cell was originally

11 assigned to. Had the cell been searched prior to petitioner moving in, there

12 would be no dispute as to whom the weapon belonged to. Since, prior discovery

13 of the weapon would have eliminated the petitioner as suspect, and, later

14 discovery would have made petitioner culpable for the weapon. The neglect of

15 staff to clear the cell for contraband, prior to petitioner's cell move, resulted

16 in serious prejudicial consequences for the petitioner. In this regard, the

17 petitioner was placed in (Ad Seg) pending a hearing where he could not marshal

18 the facts in his own defense. Petitioner had to rely on an investigative employee

19 who was inefficient and bias in his fact finding responsibilities. As a result,

20 petitioner's hearing was a farce and a sham due to the absence of available facts

21 and evidence in support of petitioner's defense. Further still, every level of

22 administrative review denied that staff was negligent in not clearing the cell

23 for contraband before moving the petitioner in that unsecured location. Even

24 going as far as to place the security search requirement upon the petitioner

25 as justification for staff's neglect.

26     The real question to be decided is if the hearing committee acted "without

27 information, fraudulently, or on mere personal caprice." (In re Spence, supra,

28 36 Cal. App. 3d at page 639-640, 111 Cal. Rptr. at p. 784). It makes no difference

SUPPORTING CASES AND ARGUMENT CONTINUED

1   if these acts were done negligently or maliciously. There was a lack of

2   information for the finding of guilt due to the failure in considering all the

3   available facts and evidence. The neglect of staff to clear the cell for

4   contraband fraudulently subjected petitioner to undue prejudicial collateral

5   consequences. As a result, petitioner never recieved a fair hearing or an

6   impartial decision at any level of review. Certainly, even a prisoner placed

7   into such a prejudicial position by prison authorities is entitled to equal

8   protection and fair treatment under the law as guaranteed by the Fourteenth

9   Amendment to the United States Constitution.

10      Petitioner also has a protected liberty interest in the loss of 360 days

11  of his good behavior credits. (Superintendent v. Hill, supra, 472 U.S. at p.

12  455, 105 S Ct. at p. 2774, 86 L Ed. 2d at p. 364; Hicks v. Oklahoma (1980) 447

13  U.S. 343). Petitioner's guilty finding should be reversed and the 360 days loss

14  of credits restored.

15                              Respectfully submitted,

16

17

18                              GILBERT CONTRERAS, PETITIONER IN
                                PRO PER

19

20

21  DATED: THIS _28th_ DAY OF _March_, 2006.

22

23

24

25

26

27

28

8. Did you appeal from the conviction, sentence, or commitment?    ☐ Yes.   ☒ No.    If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_____

   b. Result: _____    c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised:   (1) _____

       (2) _____

       (3) _____

   f. Were you represented by counsel on appeal?   ☐ Yes.   ☐ No.   If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court?   ☐ Yes.   ☐ No.    If yes, give the following information:

   a. Result: _____    b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised:   (1) _____

       (2) _____

       (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:   **N/A**

_____

_____

11. Administrative Review:
   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

     PETITIONER HAS EXHAUSTED ALL AVAILABLE ADMINISTRATIVE REMEDIES

       SEE EXHIBIT C, PAGE 2, PART III (C)

_____

_____

_____

_____

_____

_____

   b. Did you seek the highest level of administrative review available?   ☒ Yes.   ☐ No.
     *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

      (2) Nature of proceeding (for example, "habeas corpus petition"): _____

      (3) Issues raised: (a) _____

          (b) _____

      (4) Result *(Attach order or explain why unavailable)*: _____

      (5) Date of decision: _____

   b. (1) Name of court: _____

      (2) Nature of proceeding: _____

      (3) Issues raised: (a) _____

          (b) _____

      (4) Result *(Attach order or explain why unavailable)*: _____

      (5) Date of decision: _____

   c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

   **N/A**

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)  NO DELAY, PETITIONER IS UNLEARNED IN THE LAW AND DILIGENTLY SOUGHT LEGAL ASSISTANCE TO ADVANCE HIS CLAIMS FOR APPELLATE REVIEW UPON COMPLETION OF HIS (SHU) TERM AND EXHAUSTION OF ADMINISTRATIVE REVIEW

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

   THE SUPERIOR COURT OF MONTEREY HAS ORIGINAL JURISDICTION IN THIS MATTER

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date:

*march 28, 2006*

▶ *Gilbert Contreras*
(SIGNATURE OF PETITIONER)

EXHIBIT A

EXHIBIT A

(21)                                    304 TO RECORDS ON: ____  BY: ____

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT      A5-237

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| 859058 | CONTRERAS | 03/23/09 | CENTINELA | A3-212 | FA-04-11-0 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS POSSESSION OF | LOCATION FAC. A | DATE | TIME |
|---|---|---|---|---|
| CCR 3006(a) | INMATE MANUFACTURED WEAPON | BLD. 3 | 11/10/04 | 2145 HOURS |

CIRCUMSTANCES
On Wednesday, November 10, 2004, the Investigative Services Unit (ISU) reported to Facility 'A' to assist yard staff searching the Facility 'A' Law Library and building A3. Upon completion of searching the library, I reported to A3 to assist yard staff. Upon my arrival to A3, I was informed that all mattresses were being sent to Receiving and Releasing (R&R) for X-rays all mattresses with contraband inside were set aside for searching. At approximately 2145 hours, I searched a mattress belonging to inmate CONTRERAS, 859058, A3-212. The mattress had inmate CONTRERAS' name, CDC number and bed number written on it. I called for CONTRERAS to be present during the search. I cut the mattress in the marked area, and discovered a piece of round metal stock measuring approximately 5" in length and 1/8" in diameter, sharpened in one end and masking tape on the other end as handle. Utilizing a Fuji S 7000 digital camera, I photographed the weapon, the mattress and inmate CONTRERAS. I placed the weapon and a piece of cloth containing the inmate's name, CDC number and cell number in an evidence envelope. I maintained sole possession of the evidence bag containing the aforementioned items, I placed the evidence bag in evidence locker C-10 located in the institutional evidence room. I downloaded the photographs into the ISU photograph archive file.
Inmate CONTRERAS is aware of this report. Inmate CONTRERAS is not a participant in the Mental Health Services Delivery System at the CCMS/EOP/MHCB Level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| J. MAGDALENO, Correctional Officer | 11/17/04 | SEC. SQUAD #3 | S/SU/M |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| M. RODRIGUEZ, Sergeant | 11/17/04 | DATE N/A | LOC. N/A |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE<br>☑ SERIOUS | D | 11/16/04 | M. SANDERS, Correctional Captain | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |

### COPIES GIVEN INMATE BEFORE HEARING

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ☑ CDC 115 | C K? | 11/18/04 | 2000 | |
| ☑ INCIDENT REPORT LOG NUMBER<br>3-04-11-0075 | C K? | 11/18/04 | 2000 | BY: (STAFF'S SIGNATURE) ▶ |

HEARING

This hearing convened on 12/7/04, at 1000 hours, I introduced myself to Inmate CONTRERAS as the Senior Hearing Officer, Lt. B.E. DAUBENSPECK. This Inmate is not a participant in the Mental Health Services Delivery System at the CCMS/EOP/MHCB level of care, Inmate was not assigned a Staff Assistant. Inmate CONTRERAS stated that his health was good, hearing/vision is not impaired. Inmate CONTRERAS acknowledged receipt of this CDC-115 RVR, and the following associated documents: CDC-115A, CDC-115 PART C, INVESTIGATIVE EMPLOYEE'S REPORT, 837-CRIME/INCIDENT REPORT, more than twenty four (24) hours prior to the start of this hearing. These reports as well as the disciplinary charge of POSSESSION OF INMATE MANUFACTURED WEAPON were reviewed with Inmate CONTRERAS at this hearing. Inmate CONTRERAS stated that he understood all documentation and was prepared to begin.

DISTRICT ATTORNEY: This matter was referred for felony prosecution on 11/18/04, Inmate CONTRERAS did not request this hearing be postponed pending outcome of the referral.

DUE PROCESS: This disciplinary was served on Inmate CONTRERAS within 15 days of discovery and the hearing was held within 30 days of service. Time constraints have been met. There are no due process issues.

(Continued on CDC-115 part C)

| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| Lt. B.E. DAUBENSPECK, Senior Hearing Officer | | ▶ | | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ▶ M.C. SANDERS, Facility 'A' Captain | 12/14/04 | R. HOSIGN, Chief Disciplinary Officer | | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA        DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C        PAGE 1 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-59058 | CONTRERAS | FA-04-11-030 | CENTINELA | 12/7/04 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER

**STAFF ASSISTANT:** Was not assigned. Inmate CONTRERAS is not illiterate, claims 11th GRADE GPL, can read and write, is English speaking, the issues are not complex, is not a participant in the Mental Health Services Delivery System, and did not require a confidential relationship in preparing his defense.

**INVESTIGATIVE EMPLOYEE:** Was assigned, the issues are not complex, the inmate's housing status did preclude his gathering evidence; additional information was not necessary for a fair hearing. Inmate CONTRERAS received a copy of the I.E. Report and had no objections to the report.

**PLEA:** Inmate CONTRERAS plead NOT GUILTY, and gave the following testimony as his defense: " I have been in this cell for 8 to 9 days.

**WITNESSES:** Inmate CONTRERAS waived requested witnesses, and signed CDC-115 Part C.

**FINDINGS:** Inmate CONTRERAS was found GUILTY of violating CCR Section 3006(a), a Division "A1" offense; the specific charge of POSSESSION OF INMATE MANUFACTURED WEAPON. The preponderance of evidence submitted and considered in reaching a finding substantiates the charge and supports the factors in aggravation. The finding is based upon the following:

The RVR by: C/O, J. Magdaleno, stating in part, On 11/10/04, The Investigative Services Unit (ISU) reported to Facility "A" to assist Yard Staff searching the Facility "A" Law Library and Building A3. Upon completion of searching the library, I reported to A3 to assist Yard Staff. Upon my arrival to A3, I was informed that all mattresses were being sent to R&R for X-Rays, all mattresses with contraband inside were set aside for searching. At approximately 2145 hours, I searched a mattress belonging to Inmate CONTRERAS, E-59058, A3-212. The mattress had Inmate CONTRERAS name, CDC number and bed number written on it. I called for CONTRERAS to be present during the search. I cut the mattress in the marked area, and discovered a piece of round metal stock measuring approximately 5" in length and 1/3" in diameter, sharpened in one end and masking tape on the other end as handle. Utilizing a Fuji s 7000 digital camera, I photographed the weapon, the mattress and Inmate CONTRERAS. I placed the weapon and a piece of cloth containing the Inmate's name, CDC number and cell number in an evidence envelope. I maintained sole possession of the evidence bag containing the aforementioned items, I placed the evidence bag in evidence locker C-10 located in the Institutional evidence room. I downloaded the photographs into the ISU photograph archive file.

The CDC-837 Crime/Incident Report Log # CEN-FA3-04-12-0379, which states by LT. C.L. PARKS: On 11/10/04, at approximately 2120 hours, during cell searches in Housing Unit A3 stabbing type weapons were discovered in Cells A3/101U, 136U and 212U. cell 101 occupied by Inmate GOMEZ, P-15134, Cell 136, Inmate EDWARDS, K-56217, Cell 212 Inmate CONTRERAS, E-59058. Circumstances are as follows: On 11/10/04, Investigative Services Officers, J. Magdaleno ISU #4, and Y. Salazar ISU #2, reported to Facility "A" Housing Unit, as a part of the search team conducting searches for contraband on "A" Yard. Upon arrival they were informed that mattresses from all cells were being sent to R&R for X-Rays. All mattresses prior to leaving the cells were marked with the assigned Inmates Bunk, Name and CDC Number, to insure accountability of any suspected contraband discovered. At approximately 2200 hours, C/O, Magdaleno searched a mattress that was marked with Inmate CONTRERAS, E-59058, A3-212. Inmate CONTRERAS was escorted to the search area and observed C/O Magdaleno cut open the mattress and discovered within the mattress a piece of round metal stock measuring approximately 5' inches in length and 1/8" in diameter. It was sharpened on one end with masking tape wrapped on the other end in the shape of a handle. Utilizing a Fuji 7000 Digital Camera, C/O, Magdaleno photographed the weapon. He secured it in an evidence envelope and maintained possession of it.

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | LT. B.E. DAUBENSPECK SENIOR HEARING OFFICER | | 12-7-04 |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 12/22/04 | 1530 |

CDC 115-C (5/95)        OSP 99 25082

(23)

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-59058 | CONTRERAS | FA-04-11-030 | CENTINELA | 12/7/04 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

Supplemental Report to the CDC-837, Log # CEN-FA3-04-12-0379, which states by C/O, J. Magdaleno: On 11/10/04, The Investigative Services Unit (ISU) reported to Facility "A" to assist Yard Staff searching the Facility "A" Law Library and Building A3. Upon completed searching of the library, I reported to A3 to assist Yard Staff. Upon my arrival I was informed that all mattresses were being sent to R&R for X-Rays, all matresses with contraband inside were set aside for searching. At approximately 2145 hours, I searched a mattress belonging to Inmate CONTRERAS, E-59058, A3-212. The mattress had Inmate CONTRERAS name, CDC number and bed number written on it. I called for CONTRERAS to be present during the search. I cut the mattress in the marked area, and discovered a piece of round metal stock measuring approximately 5" in length and 1/3" in diameter, sharpened in one end and masking tape on the other end as handle. Utilizing a Fuji's 7000 digital camera, I photographed the weapon, the mattress and Inmate CONTRERAS. I placed the weapon and a piece of cloth containing the Inmate's name, CDC number and cell number in an evidence envelope.

WAS THIS MATTRESS FROM BOTTOM BUNK (L) OR TOP BUNK (U) ?

DISPOSITION: Assessed 360 days forfeiture of behavioral credits consistent with a Division "A1" offense. POSSESSION OF INMATE MANUFACTURED WEAPON.

Referred to ICC for Program Review. / Consideration of a SHU Term.

Inmate CONTRERAS was informed that the disposition of this Rules Violation Report would not become final until reviewed and approved by the Chief Disciplinary Officer. Inmate CONTRERAS was informed that he would receive a final copy upon approval of the Chief Disciplinary Officer. Inmate CONTRERAS was advised of his right to appeal the findings of this hearing, and that the first level of appeal has been eliminated on disciplinary issues. Inmate CONTRERAS was informed that Division A, B, and C credit losses are not restorable.

Lt. B.E. DAUBENSPECK, Senior Hearing Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 12-7-04 |
| GIVEN BY: (Staffs Signature) | DATE SIGNED | TIME SIGNED |
| | 12/22/04 | 1520 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSR_99 2508

20)



# *Centinela*
## STATE PRISON
# INVESTIGATIVE SERVICES UNIT



A5-237

## DISTRICT ATTORNEY REFERRAL STATUS REPORT
## IMPERIAL COUNTY DISTRICT ATTORNEY

Date: __12/16/04__

Date: I.R. Received: __12/03/04__

Report Dated: __11/10/04__

Incident Report (IR) Number: __CEN-FA3-04-11-0379__

Incident Report Title: __P.C. 4502 (A)__

Inmate Name & CDC Number: __CONTRERAS, Gilbert, E-38058__

The above case was evaluated for referral to the Imperial County District Attorney and the following decision was made:

_____ (A)   Report returned to involved staff for more data.

_____ (B)   Investigation being conducted by the Investigative Services Unit.

__XX__ (C)   No referral to the District Attorney will be made due to:

     _____ (1)   There was no significant injury.

     _____ (2)   Potential for injury existed, but victim/witness will not testify.

     __XX__ (3)   Prima facie evidence exists, but there is insufficient data for other than an administrative action.

     _____ (4)   Insufficient quantity of drugs for prosecution.

     _____ (5)   Incomplete chain of evidence.

     _____ (6)   Inmate has an extended sentence and the most appropriate resolution will be effected via administrative disposition.

     _____ (7)   Non referable offense.

     _____ (8)   Does not meet criteria of agreement with D.A.

     _____ (9)   Factually unfounded.

     _____ (10)  Lack of Probable Cause.

     _____ (11)  Other: _____

_____ (a)   On ___/___/___, this case was *referred* to the Imperial County District Attorney.

_____ (b)   On ___/___/___, the Investigative Services Unit received written notice that the Imperial County District Attorney *reject/dismissed* this case for prosecution.

_____ (c)   On ___/___/___, the Investigative Services Unit received written notice that the Imperial County District Attorney *accepted* this case for prosecution.

__XX__ (d)   Any pending disciplinary action should be completed at this time and a closure report forwarded to the Associate Warden-Housing for distribution.

The above is pursuant to California Code of Regulations, Title 15, Section 3316, which allows for discretionary referral of criminal cases. Any questions may be addressed via the Investigative Services Unit, at extension 5510.

Investigative Services Unit

Centinela State Prison

CC:

ROUTING:

WHITE · 837 Incident Package · BLUE · Chief Deputy Warden · GREEN · Captain _____ · CANARY · Facility Lieutenant _____
PINK · Records (C-File) · GOLDENROD · Inmate

EXHIBIT B

EXHIBIT B

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| E59053 | CONTRERAS | CCR3005(a) | 11/10/04 | CENTINELA | FA-04-11-030 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   [X] YES   [ ] NO

## POSTPONEMENT OF DISCIPLINARY HEARING

[X] I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution.
   INMATE'S SIGNATURE ▶ N/A     DATE 11-18-04

[ ] I REQUEST my hearing be postponed pending outcome of referral for prosecution.
   INMATE'S SIGNATURE ▶ N/A     DATE

DATE NOTICE OF OUTCOME RECEIVED    DISPOSITION    N/A

[ ] I REVOKE my request for postponement.
   INMATE'S SIGNATURE ▶ N/A     DATE N/A

## STAFF ASSISTANT

STAFF ASSISTANT
[ ] REQUESTED    [ ] WAIVED BY INMATE    INMATE'S SIGNATURE ▶ N/A    DATE

[ ] ASSIGNED    DATE    NAME OF STAFF

[ ] NOT ASSIGNED    REASON DOES NOT MEET THE CRITERIA PER CCR3315(d)(2)(A).

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE
[ ] REQUESTED    [ ] WAIVED BY INMATE    INMATE'S SIGNATURE ▶ N/A    DATE 11/18/04

[X] ASSIGNED    DATE 11/12/04    NAME OF STAFF B. Pacrem

[ ] NOT ASSIGNED    REASON DOES NOT MEET THE CRITERIA PER CCR3315(d)(1)(A).

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
[ ] REPORTING EMPLOYEE    [ ] STAFF ASSISTANT    [ ] INVESTIGATIVE EMPLOYEE    [ ] OTHER _____    [ ] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
|  | [ ] | [ ] |  | [ ] | [ ] |
|  | [ ] | [ ] |  | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

I informed inmate CONTRERAS that I was assigned as the Investigative Employee. I explained to inmate CONTRERAS that my function was to gather information, question staff and inmates, screen witnesses, and/or complete and submit a written report to the Senior Hearing Officer. Inmate CONTRERAS stated that he understood my position as the Investigative Employee and DID NOT have any objections to my assignment.

INMATE STATEMENT: Inmate CONTRERAS, E59053, A5-237L, made the following statement;
"ON Wednesday, November 10, 2004, a search of all building A3 was conducted. In cell 212, the cell that I lived in, and inmate manufactured weapon was found in the mattress that was assigned to bunk 212 U which was the bunk that I was assigned to. I had no acknowledgment to it being there or to any weapons or controband.

I had just been in that cell for about 9 or 10 days. I was asked by C/O Delira to move, that the Sergeant needed the cell. I told C/O Delira that I didn't want to move, I just did not feel right about moving and said it to c/o Delira. He told me that I would not be moved out of the building A3 (I had already been moved around 3 times in a month and a half) and for me to move to cell 212 and that for me to look for a person to cell up with and that when he returned from his days off that he would move me (us) back to cell 223. That never happened. He told me to hold on, so I was stuck there and this happens.

I.E. issued @ 11-21-04     Continued on _____
At 1430 hours    By C/O _____

INVESTIGATOR'S SIGNATURE _____, Correctional Officer    DATE

| [ ] COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | INVESTIGATOR'S SIGNATURE B. PACREM | TIME 2000 | DATE 11/18/04 |
|---|---|---|---|---|

CDC 115-A (7/88)                                              OSP 03 7

STATE OF CALIFORNIA

# SERIOUS RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| E59053 | CONTRERAS | CCR3005(a) | 11/10/04 | CENTINELA | FA-04-11-030 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☒ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | 11-18-04 |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | N/A | | |
| ☐ I REVOKE my request for postponement. | INMATE'S SIGNATURE ▶ N/A | DATE N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ N/A | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☒ NOT ASSIGNED | REASON DOES NOT MEET THE CRITERIA PER CCR 3315(d)(2)(A). | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE 11/16/07 |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ N/A | |
| ☒ ASSIGNED | DATE 11/12/04 | NAME OF STAFF B. Pacrem | |
| ☐ NOT ASSIGNED | REASON DOES NOT MEET THE CRITERIA PER CCR 3315(d)(1)(A). | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

I informed inmate CONTRERAS that I was assigned as the Investigative Employee. I explained to inmate CONTRERAS that my function was to gather information, question staff and inmates, screen witnesses, and/or complete and submit a written report to the Senior Hearing Officer. Inmate CONTRERAS stated that he understood my position as the Investigative Employee and DID NOT have any objections to my assignment.

INMATE STATEMENT: Inmate CONTRERAS, E59053, A5-237L, made the following statement;
"ON Wednesday, November 10, 2004, a search of all building A5 was conducted. In cell 212, the cell that I lived in, and inmate manufactured weapon was found in the mattress that was assigned to bunk 212 U which was the bunk that I was assigned to. I had no acknowledgment to it being there or to any weapons or controband.

I had just been in that cell for about 9 or 10 days. I was asked by C/O Delira to move, that the Sergeant needed the cell. I told C/O Delira that I didn't want to move, I just did not feel right about moving and said it to c/o Delira. He told me that I would not be moved out of the building A5 (I had already been moved around 3 times in a month and a half) and for me to move to cell 212 and that for me to look for a person to cell up with and that when he returned from his days off that he would move me (us) back to cell 223. That never happened. He told me to hold on, so I was stuck there and this happens.

| I.E. issued on 11-21-04 | Continued on | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|---|
| A] 1430 hours | By C/O Eustaquio REISSER, Correctional Officer | | |

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ P. | B. PACREM | TIME 2000 | DATE 11/18/04 |
|---|---|---|---|---|

CDC 115-A (7/88)

CSP 03 7-

EXHIBIT C

EXHIBIT C

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: MAY 2 5 2005

In re: Contreras, E-59058
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0408712    Local Log No.: CEN 04-01913

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner Rick Manuel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT: The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #FA-04-11-030, dated November 10, 2004, for Possession of an Inmate-Manufactured Weapon. It is the appellant's position that he was inappropriately found guilty of the RVR charge. The appellant denies the RVR charge, claiming that staff failed to investigate this matter. The appellant claims the following procedural errors: (1) The Senior Hearing Officer (SHO) did not read the Investigative Employee (IE) report; (2) The Reporting Employee (RE) did not find the weapon in the marked area of the mattress, rather the RE had to turn the mattress over prior to finding the weapon; (3) The appellant claims that he had only been assigned to cell #212 for nine or ten days, and had no knowledge of the weapon; (4) The appellant claims that his cell was not search prior to him moving in; and (5) The SHO inappropriately disallowed the appellant to use the statement of his ex-cellmate. The appellant requests on appeal that the RVR be dismissed.

II    SECOND LEVEL'S DECISION: The reviewer found that the appellant was appropriately found guilty of the RVR charge. The reviewer considered the appellant's concerns; however, determined that his explanation does not justify his request. The reviewer responded to each of the appellant's concerns: (1) As for the appellant's claim that the SHO did not read the IE report, the reviewer states that this is untrue. The reviewer points out that the SHO documents in the Finding section of the RVR that the SHO based his decision on the RVR, which contained the IE report and the CDC Form 837, Crime/Incident Report; (2) As for the appellant's claim that the RE did not find the weapon in the marked area, the reviewer states that this claim is untrue. The reviewer states that the RE clearly documents that he cut the mattress in the marked area and discovered a piece of round mental stock, sharpened at one end with a taped handle at the other end. The appellant further points out that there are no rules that would prevent the RE from turning the mattress over and cutting into it from the other side. The reviewer states that this issue is moot; (3) The reviewer affirms that the appellant had only been assigned to cell #212 since October 28, 2004. However, the reviewer reminds the appellant since he had been assigned to cell #212 for 14 days prior to the discovery of the inmate-manufactured weapon, the appellant had ample time to notice that his mattress had been tampered with and that he should have reported this to staff. In that he did not report this to staff, the inmate-manufactured weapon became his responsibility; (4) As for the appellant's claim that his cell was not searched prior to him being placed in it, the reviewer states that this claim is true. A review of the Housing Unit A-3 cell search logbook did not indicate that cell #212 had been searched prior to the appellant being assigned to the cell. However, the reviewer maintains that the appellant was in the cell for 14 days prior to the discovery of the contraband and had ample time to notice that his mattress had been tampered with and to notice staff. The reviewer finds this claim to be without merit; and (5) As for the appellant's claim that the SHO disallowed him to use the statement of an ex-cellmate, the reviewer states' that this claim has no merit. The reviewer states that there is no record within the RVR indicating that the appellant presented any written evidence to the SHO for consideration. The reviewer points out that the appellant could have called the ex-cellmate as a witness at the hearing, but elected to waive his initial request to call a witness, as indicated on the related CDC Form 115-C. Despite the appellant's disagreement with the guilty finding, the reviewer concludes that

CONTRERAS, E-59058
CASE NO. 0408712
PAGE 2

he has failed to offer any new or compelling evidence that substantiates his claim.  The appeal was denied at the Second Level of Review (SLR).

III  DIRECTOR'S LEVEL DECISION:  Appeal is denied.

A.  FINDINGS:  The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the SLR.  There is no evidence that supports the appellant's contention that he was inappropriately found guilty.  As for the appellant's claim that staff committed several procedural errors during the processing of the RVR, the examiner finds that the presented evidence clearly supports the guilt finding.  As for the appellant's cell not being searched prior to him be assigned cell #212, the California Code of Regulations, Title 15, Section (CCR) 3287 states in part, "Insofar as possible, a cell, room, or dormitory bed area and locker will be thoroughly inspected immediately upon its vacancy and again, if there is a significant time lapse, before another inmate is assigned to the same cell, room or dormitory bed and locker. Such inspections are required and must be recorded for segregation, isolation and security housing unit cells. The purpose of such inspections is to fix responsibility or the absence of responsibility for security and safety hazards and serious contraband found in the cell, room or dormitory area." It is clear that this citation requires segregations cells, isolation cells, SHU cells must be searched prior to a new inmate be assigned the cell; however, the citation does not mandate that a general inmate population cell, room, or dormitory be searched prior to the assignment of a new inmate.  On March 22, 2005, the examiner contacted staff at Centinela State Prison (CEN) and verified that Housing Unit A-3 is not an Administrative Segregation Unit, isolation building or a SHU.  The examiner concurs that the appellant has failed to offer any new evidence that legitimately challenges the guilty finding.  Relief at the Director's Level of Review is not warranted.

B.  BASIS FOR THE DECISION:
CCR: 3001, 3006, 3270, 3287, 3315, 3320

C.  ORDER:  No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:      Warden, CTF
         Appeals Coordinator, CTF
         Appeals Coordinator, CEN

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
#### (C.C.P. §§ 1013(A), 2015,5)

I, _____GILBERT CONTRERAS_____, declare:

I am over 18 years of age and I am party to this action. I am a
resident of CORRECTIONAL TRAINING FACILITY prison, in the County
of Monterrey, State of California. My prison address is:

GILBERT CONTRERAS_____, CDCR #: _E-59058___
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: __DW-243L___
SOLEDAD, CA 93960-0689.

On _APrIL 9, 2006_____, I served the attached:

PETITION FOR WRIT OF HABEAS CORPUS

on the parties herein by placing true and correct copies
thereof, enclosed in a sealed envelope (verified by prison
staff), with postage thereon fully paid, in the United States
Mail in a deposit box so provided at the above-named institution
in which I am presently confined. The envelope was addressed as
follows:

TO THE CLERK OF THE SUPERIOR COURT          CALIFORNIA DEPT. OF JUSTICE
IN AND FOR MONTEREY COUNTY                  ATTORNEY GENERAL
SALIÑAS DIVISION                            455 GOLDEN GATE AVE. 11000
240 CHURCH STREET                           SAN FRANCISCO, CA 94102-3664
SALINAS, CA 93902-1819

I declare under penalty of perjury under the laws of the
State of California that the foregoing is true and correct.

Executed on _APrIL 9, 2006_____.

_Gilbert Contreras_____

_____
Declarant

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _____ GILBERT CONTRERAS _____, declare:

I am over 18 years of age and I am party to this action.  I am a
resident of CORRECTIONAL TRAINING FACILITY prison, in the County
of Monterrey, State of California.  My prison address is:

GILBERT CONTRERAS _____, CDCR #: __E-59058____
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: __DW-243L____
SOLEDAD, CA  93960-0689.

On ___APril 29, 2006_____, I served the attached:

ORIGINAL PETITION FOR WRIT OF HABEAS CORPUS

_____

on the parties herein by placing true and correct copies
thereof, enclosed in a sealed envelope (verified by prison
staff), with postage thereon fully paid, in the United States
Mail in a deposit box so provided at the above-named institution
in which I am presently confined.  The envelope was addressed as
follows:

TO THE CLERK OF THE SUPERIOR COURT
MONTEREY COUNTY SUPERIOR COURT
CRIMINAL DIVISION
240 CHURCH STREET, ROOM 318
SALINAS, CA 93902

I declare under penalty of perjury under the laws of the
State of California that the foregoing is true and correct.

Executed on __APri 29, 2006__ .

_____
Declarant