Gilbert Contreras  E-59058
P.O. Box 689, DW-243UP
Soledad, CA 93960-0689



**ORIGINAL**

FILED
NOV 21 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA



| | |
|---|---|
| GILBERT CONTRERAS,<br>            Petitioner,<br><br>    v.<br><br>BEN CURRY, Warden<br>            Respondent. | C07-03774 SBA<br><br>OPPOSITION TO RESPONDENT'S<br>MOTION TO DISMISS |

Petitioner respectfully moves this court to deny respondent's motion to dismiss his petition in the above entitled cause. This motion is based on the supporting points and authorities, court record, and the attached Exhibit A.

### STATEMENT OF FACTS

Petitioner agrees with respondent's Statement of Relevant Facts regarding the filing and denial dates of petitioner's appeals on both administrative and judicial review. (Respondent's motion to dismiss, p. 2.) However, petitioner denies respondent's allegations that petitioner's federal habeas corpus is time-barred.

### Argument

Due to applicable California Rules of Court and tolling provisions,

1

the petition is not time barred.

Petitioner's state habeas was denied by the state Supreme Court on April 11, 2007. However, under Rule 24 of the California Rules of Court, a denial of a habeas petition within the California Supreme Court's original jurisdiction is not final for 30 days. (Bunney v. Mitchell, 262 F.3d 973 (9th Cir. 2001).) The Ninth Circuit also concluded that the AEDPA's limitations period did not begin to run until the day after the denial became final. (Id.) Therefore, the denial of petitioner's habeas petition in the state Supreme Court did not become final until May 12, 2007. Adding the one month and one day that remained on the one-year limitation, petitioner had until June 12, 2007, to file his federal habeas petition. Petitioner does not dispute respondents calculation that one month and one day remained on the one-year limitation after petitioner exhausted his state court remedies. (Respondent's motion to dismiss, p. 3.)

### Mailbox Rule

Petitioner is entitled to equitable tolling under the mailbox rule. For incarcerated pro se litigants, a state or federal petition is filed at the time it is delivered to prison authorities for mailing to the court. (Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001).) Petitioner respectfully requests that this court take judicial notice of the Declaration of Service by Mail attached to his federal petition. The date of service indicates the exact date that petitioner delivered his federal petition to prison authorities for mailing to this court. Petitioner believes that date to be on or about May 8, 2007, which is well within the limits of June 12, 2007.

Moreover, in order to pay the required $5.00 filing fee to this court,

petitioner had to have the institution draft a $5.00 check from his prison trust fund. This is done by completing a Trust Withdrawal Form (CDC Form 193). Facility rules require that the form and petition with an addressed envelope be given to petitioner's counselor for delivery to the mailroom, which is outside the prison walls. The date reflected on the Declaration of Service by Mail is the date that petitioner gave his counselor, CCI Aceves, the form and petition for delivery to the mailroom. The process is similar to that as directed by the California Code of Regulations, Title 15, section 3165(b) when additional postage is required for mailing legal mail. (A copy of section 3165(b) is attached as Exhibit A, page 1 of 2.) The Trust Withdrawal Form goes to the trust office for processing the $5.00 check while the petition just sits in waiting. The trust office did not draft the $5.00 check until June 21, 2007. (A copy of the receipt of the check for this court is attached as Exhibit A, page 2 of 2.) The check was eventually sent to the mailroom to be joined with the petition for mailing. However, matters were further complicated when petitioner was asked by his counselor to provide another envelope. For some reason unknown to petitioner, the initial court addressed envelope was separated from the petition and lost. Petitioner's counselor refuses to make any statements regarding this matter, and the mailroom has ignored all of petitioner's inquires.

Finally, this court received the petition with the $5.00 institutional check on July 23, 2007. (A copy of this court's receipt for the check is also attached as Exhibit A, page 2 of 2.) Once Counselor Aceves received petitioner's Trust Withdrawal Form and federal petition, it took over two months of prison bureaucracy to complete the task of mailing. Petitioner is entitled to equitable tolling from the date on the Declaration of Service by Mail to the file date of the petition by this court on July 23, 2007.

**Statutory Tolling**

Respondent argues that the 88 days it took petitioner to file his state habeas petition in the Court of Appeal is unreasonable and therefore is not tolled. (Respondent's Motion to Dismiss, pp. 3-4.) The petition to the Court of Appeal was properly filed and thus pending and subject to statutory tolling within the meaning of 28 U.S.C. section 2244(d)(2). None of petitioner's state petitions were procedurally barred and were accepted and filed by the court. The Ninth Circuit held that AEDPA's "statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through the proper use of state court proceedings, to exhaust state court remedies with regard to a particular postconviction application.'" (Saffold v. Newland, supra, at p. 1266, quoting Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).) In Saffold, this rule was applied even though the petitioner waited four and one-half months after being denied in the state appellate court before filing his state supreme court petition. (Saffold at pp. 1266-1268.) The U.S. Supreme Court even regarded California's "unreasonable time" standard as difficult to determine whether a prisoner's state court petition was untimely. (Evan v. Chavis, 546 U.S. 189, 126 S.Ct. 846 (2006).) The high court suggested that California courts might alleviate the problem by clarifying the scope of "unreasonable time." Or the legislature might impose more determinate time limits as with most other states. (Id.)

Alternatively, direct review does not conclude under 28 U.S.C. section 2244(d)(1) until the expiration of the period during which the defendant could apply for a writ of certiorari in the U.S. Supreme Court. That time would be 90 days after the state supreme court denies review. (See Bowen v. Roe, 188 F.3d 1157, 1158 (9th Cir. 1999).) The California Rules of Court permit a petitioner to petition the state supreme court for review of the

4

denial of a habeas petition by the court of appeal. By analogy, petitioner's state court petition is his only form of direct judicial review of his administrative conviction. In this regard, the 90 day period in which to apply for certiorari could apply.

## CONCLUSION

In conclusion, petitioner's federal petition should be deemed timely under the California Rules of Court and tolling provisions of the AEDPA.


DATED: Nov. 16, 2007.

Respectfully submitted,

Gilbert Contraras
Petitioner in Pro Per.

# EXHIBIT A

2. Amendment filed 5-27-2004 as an emergency; operative 5-27-2004 (Register 2004, No. 22). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 11-3-2004 or emergency language will be repealed by operation of law on the following day.
3. Certificate of Compliance as to 5-27-2004 order transmitted to OAL 10-28-2004 and filed 12-14-2004 (Register 2004, No. 51).

### 3162. Legal Forms and Duplicating Services.

(a) The printed forms required by state and federal courts, which are supplied to the department by the courts shall be provided to inmates without charge. Inmates shall be required to pay for the duplication of printed forms and other written or typed materials, and for any special paper and envelopes required for mailing to the courts. An inmate who is without funds for 30 days or more after such materials and services are provided shall not be required to pay for the cost of those materials and services.

(b) Legal duplicating services for an inmate shall be restricted (provided such restrictions will not interfere with the inmate's access to the courts) when that inmate abuses the service to such an extent that other inmates are deprived of the services or it results in an unnecessary expense to the state. The authority to place such restrictions shall not be delegated to staff below the level of correctional captain. The reasons for any restrictions on the services provided an inmate shall be documented on a CDC Form 128-B (Rev. 4.74), General Chrono, and placed in the inmate's central file.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:
1. Amendment filed 8-18-78; effective thirtieth day thereafter (Register 78, No. 33).
2. Amendment filed 4-8-80; effective thirtieth day thereafter (Register 80, No. 16).
3. Amendment of section heading and text filed 10-19-93; operative 11-18-93 (Register 93, No. 43).

### 3163. Assisting Other Inmates.

One inmate may assist another in the preparation of legal documents, but shall not receive any form of compensation from the inmate assisted. Legal papers, books, opinions and forms being used by one inmate to assist another may be in the possession of either inmate with the permission of the owner. All papers must be returned to the respective owners when either inmate is transferred to another institution or when other administrative action prevents direct communications between the inmates. An inmate may be barred from giving legal assistance to other inmates when violations of regulations and established procedures relate directly to such activities. An inmate will not be barred from giving or receiving legal assistance for violations of regulations and procedures which are unrelated to providing or receiving legal assistance. However, no otherwise prohibited contacts or access to prohibited areas will be permitted because of this regulation.

NOTE: Authority cited: section 5058, Penal Code. Reference: *Johnson v. Avery*, 89 S. Ct. 747 (1969).

HISTORY:
1. Amendment filed 2-24-77; effective thirtieth day thereafter (Register 77, No. 9).
2. Amendment filed 10-7-82; effective thirtieth day thereafter (Register 82, No. 41).

### 3164. Administrative Segregation.

(a) Inmates confined in administrative segregation for any reasons will not be limited in their access to the courts.

(b) During a period of disciplinary detention, as described in Section 3330, legal resources may be limited to pencil and paper which will be provided upon request for correspondence with an attorney or the preparation of legal documents for the courts. Other legal material in the inmate's personal property may be issued to an inmate in disciplinary detention if litigation was in progress before the inmate's placement in disciplinary detention and legal due dates are imminent.

(c) Inmates who are housed in any restricted unit and who are not serving a period of disciplinary detention may possess and have access to any legal resource material available to the general population and may assist each other in their legal work to the extent compatible with institution security. For the purpose of this subsection, restricted units include reception centers, institution reception or orientation units, controlled housing and security housing units.

(d) If an inmate's housing restricts him or her from going to the inmate law library, arrangements will be made to deliver requested and available law library material to the inmate's quarters.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:
1. Amendment filed 10-7-82; effective thirtieth day thereafter (Register 82, No. 41).

### 3165. Mailing Legal Documents.

(a) The mailing of legal documents to courts and claims to the Board of Control (BOC) is the inmate's responsibility. Mail designated by the inmate as legal mail will be delivered to the facility mailroom for inspection, pursuant to Sections 3144 and 3145, and mailing in accordance with local facility mail procedures. The mailroom shall maintain a current address list of federal, state, county, appellate, and district courts. The mailroom will send mail out each working day.

(b) With each transmittal of mail to a court or claim filed with the BOC requiring the addition of postage, the inmate must submit a signed CDC Form 193, Trust Account Withdrawal Order. The mailroom will remove the trust account withdrawal order, enter the amount of postage required, and forward the order to the trust office for processing. Mail addressed to a court or claims addressed to the BOC will be posted on the inmate's CDC Form 119, Mail Record.

(c) Notarization of legal documents is not normally required by the courts and will not be provided as a free service to any inmate, indigent or not. Inmates must pay the established notary fee for such service.

(d) The cost of postage for mailing documents to the courts will be charged against an inmate's trust account unless the inmate is without funds at the time the material is submitted for mailing and remains without funds for 30 days after the documents are mailed.

NOTE: Authority cited: section 5058, Penal Code. Reference: *In re Jordan*, 7 Cal. 3rd 930 (1972).

HISTORY:
1. Amendment filed 9-30-77; effective thirtieth day thereafter (Register 77, No. 40).
2. New subsection (d) filed 4-18-80; effective thirtieth day thereafter (Register 80, No. 16).
3. Amendment filed 10-7-82; effective thirtieth day thereafter (Register 82, No. 41).
4. Amendment of subsections(a) and (b) and amendment of Note filed 11-18-96; operative 12-18-96 (Register 96, No. 47).

## Article 7. Visiting

### 3170. General Visiting.

(a) These regulations are made in recognition and consideration of the value of inmate visitation as a means of increasing safety in prisons, maintaining family and community connections, and preparing inmates for successful release and rehabilitation. It is the intent of these regulations to establish a visiting process in the institutions/facilities of the department that is conducted in as accommodating a manner as possible, subject to the need to

DW 243L

STATE OF CALIFORNIA

NUMBER
203- 434574

CSWGSG CONTRERAS GH
OF
FILING FEES

TOTAL $5.00

STRPSTS
/002237          203-434574

U.S. DISTRICT COURT

06/23/07          $***5.00*

NOT NEGOTIABLE
DUPLICATE

⑆0203⑆ ⑉121113423⑉ 004345749 ⑈

```
Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611008674
Cashier ID: sprinka
Transaction Date: 07/23/2007
Payer Name: state of california
------------------------------------
WRIT OF HABEAS CORPUS
  For: state of california
  Amount:      $5.00
------------------------------------
CHECK
  Check/Money Order Num: 203434574
  Amt Tendered:  $5.00
------------------------------------
Total Due:       $5.00
Total Tendered:  $5.00
Change Amt:      $0.00

sba

Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.
```

EXHIBIT A p. 2 of 2

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, **Gilbert Contreras**, declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

**Gilbert Contreras**, CDCR #: **E59058**
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: **AW243up**
SOLEDAD, CA 93960-0689.

On **Nov. 19, 2007**, I served the attached:

**Opposition to Respondent's Motion to Dismiss**

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

Office of the Clerk
U.S. District Court
Northern District of California
1301 Clay St., Suite 400S
Oakland, CA 94612-5212

Office of the Attorney General
455 Golden Gate Ave, Suite 11000
San Francisco, CA
94102-7004

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **Nov. 19, 2007**.

_Gilbert Contreras_
Declarant

Office of the Clerk
United States District Court
Northern District of California
1301 Clay St., Suite 400S
Oakland, CA 94612-5212

Gilbert Contreras E59058
P.O. Box 689, DW243up
Soledad, CA 93960-0689

**LEGAL MAIL**