IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT CONTRERAS, | No. C 07-03774 SBA (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY** |
| v. | |
| BEN CURRY, Warden, | (Docket no. 4) |
| Respondent. | |

Petitioner, Gilbert Contreras, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary decision during his incarceration at the Correctional Training Facility in Soledad, California.

Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner filed an opposition to the motion, and Respondent filed a reply.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss.

**BACKGROUND**

Petitioner challenges as unlawful a December 7, 2004 decision by a prison disciplinary hearing officer finding him guilty of possession of an inmate-manufactured weapon. The disciplinary action resulted in the forfeiture of 360 days of good time credit. Petitioner filed a 602 inmate appeal, which was denied at the Director's level on May 25, 2005. (Pet'r Ex. C.)

On April 25, 2006, Petitioner filed a habeas petition in the Monterey County Superior Court. On October 23, 2006, the superior court denied the petition. (Resp't Ex. 1.) On January 19, 2007, Petitioner filed a habeas petition with the appellate court, which was summarily denied on February 20, 2007. (Resp't Ex. 2.) On March 12, 2007, Petitioner filed a petition in the California Supreme Court, which was summarily denied on April 11, 2007. (Resp't Ex. 3.)

On July 23, 2007, Petitioner filed the instant petition. Respondent filed a motion to dismiss the petition as untimely pursuant to § 2244(d). Respondent contends that Petitioner filed the instant

petition after the one-year statute of limitations as set forth under § 2244(d)(1).

**DISCUSSION**

**I.      Legal Standard**

The AEDPA became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Section 2244's one-year limitations period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a state court," even if the petition challenges a pertinent administrative decision rather than a state court judgment. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). For prisoners challenging administrative decisions such as the revocation of good time credits or the denial of parole, § 2244(d)(1)(D) applies and the one-year limitations period begins to run on the date the administrative decision becomes final. Id. at 1066 (limitations period began to run the day after petitioner received timely notice of the denial of his administrative appeal challenging disciplinary decision). The "factual predicate" of the habeas claim is the administrative appeal board's denial of the administrative appeal; it is not the denial of the state habeas petition. Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003). A prisoner challenging an administrative decision does, however, receive statutory tolling for the period when state habeas petitions are pending. Id. at 1084.

**II.      Analysis**

Petitioner's 602 appeal became final on May 25, 2005, the date of the Director's level denial.

(Pet'r Ex. C.) Petitioner does not dispute that he received timely notice of the denial of his 602 appeal at the Director's level on May 25, 2005, and he offers no evidence to the contrary. Therefore, the limitations period began running the next day, May 26, 2005. Thus, Petitioner had until May 26, 2006 to file his federal habeas petition. The instant petition was filed on July 23, 2007, which was more than one year after the expiration of the limitations period. Therefore, the instant petition is untimely absent tolling.

### A.   Statutory Tolling

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' -- i.e., 'until the completion of' that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002). In other words, until the application has achieved final resolution through the state's post-conviction procedures, by definition it remains "pending." Id. at 220. In California, this means that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge, as long as the petitioner did not "unreasonably delay" in seeking review. Id. at 221-23; accord Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation omitted), cert. denied, 529 U.S. 1104 (2000).

In the instant case, the limitations period ran from May 26, 2005 to April 25, 2006 (334 days) before Petitioner filed his superior court petition. Without determining if Petitioner was unreasonably delayed in seeking review, which will be discussed below, the limitations period could be statutorily tolled from April 25, 2006 (the date Petitioner filed his superior court petition) to April 11, 2007 (the date of the California Supreme Court's denial).[1] Because Petitioner waited 334 days

---

[1] The Court notes that in 2002, the Ninth Circuit held that tolling under § 2244(d)(2) ended thirty days after the California Supreme Court's denial of the final habeas petition was filed because that was when the denial became "final" under former California Rule of Court 24. Allen v. Lewis, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001)). However, the rationale of Allen only applies to denials the California Supreme Court filed before January 1, 2003. On January 1, 2003, the California Supreme Court made clear that its orders denying petitions for a writ of habeas corpus within its original jurisdiction are final

before he started the state collateral review process, he had only thirty-one days (365 days minus 334 days) after April 11, 2007 to file his federal habeas petition.  Thus, Petitioner should have filed his federal petition by May 12, 2007.  However, as mentioned above, Petitioner did not file the instant petition until July 23, 2007, seventy-two days after May 12, 2007.  Therefore, even if the Court found that Petitioner was entitled to statutory tolling, his federal petition is still untimely.

### 1. **Mailbox Rule**

Petitioner argues that the mailbox rule should apply to make his federal petition timely.  He claims that, on May 7, 2007, he signed his petition and gave it to his prison counselor for mailing to the Court.[2]

According to the "mailbox rule," a pro se prisoner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing to the court, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 266, 276 (1988).  This rule is premised on policy concerns surrounding the pro se prisoner's lack of control over delays between the receipt of the notice by prison authorities and its formal filing by the district court.  See id. at 273-76.  The mailbox rule applies to the filing of a federal petition for a writ of habeas corpus under the AEDPA and begins when the petitioner delivers his petition to prison authorities for forwarding to the district court.  Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), overruled on other grounds by Carey v. Saffold, 536 U.S. 214 (2002).

In his opposition, Petitioner alleges he signed and delivered his petition to prison authorities on May 7, 2007.  The mailbox rule does not require Petitioner to provide evidence of the date he gave his petition to prison authorities through a mail log or certified mail.  Koch v. Ricketts, 68 F.3d 1191, 1193 & n.3 (9th Cir. 1995) (mail log); Caldwell v. Amend, 30 F.3d 1199, 1203 (9th Cir. 1994) (certified mail).  Rather, timely filing may be shown by a notarized statement or by a declaration by

---

on filing. Cal. Rule of Court 8.532(b)(2)(C).  Accordingly, the denial of Petitioner's state habeas petition within the California Supreme Court's original jurisdiction was final on the date of its filing, April 11, 2007.

[2] The Court notes that seventy-seven days elapsed between the date Petitioner alleges he gave his petition to prison authorities and July 23, 2007, the date it was filed.

4

Petitioner setting forth the date of deposit and stating that first-class postage has been prepaid. Koch, 68 F.3d at 1193. Petitioner submitted a document entitled "Proof of Service by Mail" with his petition showing that it was delivered to prison authorities and that first-class postage has been prepaid on May 7, 2007. Therefore, Petitioner argues that his petition is timely because under the "mailbox rule" it was filed a few days before the limitations period expired on May 12, 2007.

Even if the mailbox rule did apply, Respondent argues that the limitations period expired long before May 12, 2007 because Petitioner was unreasonably delayed in seeking collateral review in state court. Thus, the Court will consider Respondent's argument below.

### 2.  **Unreasonable Delay in Seeking Collateral Review in State Court**

Respondent argues that Petitioner is not entitled to tolling for the eighty-eight day period between October 23, 2006 and January 19, 2007, because he was unreasonably delayed in filing his appellate court petition after the superior court's denial.

As mentioned above, in California, the statute of limitations is tolled during the entire period of a petitioner's state collateral challenge, unless the petitioner unreasonably delayed seeking review. Carey, 536 U.S. at 221-23; accord Nino, 183 F.3d at 1006.

> In most States a statute sets out the number of days for filing a timely notice of appeal, typically a matter of a few days. California, however, has a special system . . . . Under that system . . . a notice of appeal is timely if filed within a "reasonable time."

Evans v. Chavis, 546 U.S. 189, 192-93 (citing In re Harris, 5 Cal. 4th 813, 828 n.7 (1993); Carey, 536 U.S. at 221). "The fact that California's timeliness standard is general rather than precise may make it more difficult for . . . courts to determine . . . when a review application . . . comes to late." Evans, 546 U.S. at 193 (quoting Carey, 536 U.S. at 223). "Nonetheless, the [Court] must undertake that task." Id. "California's system is sufficiently analogous to appellate systems in other States to treat it similarly." Evans, 546 U.S. at 193 (citing Carey, 536 U.S. at 222). "[I]n most states a prisoner who seeks review of an adverse . . . decision must file a notice of appeal . . . and the timeliness . . . is measured in terms of a determinate time period, such as 30 or 60 days." Id. at 192. In other words, "California's 'reasonable time' standard [should] not lead to filing delays

substantially longer than those in States with determinate timeliness rules." Id. at 200 (citing Carey, 536 U.S. at 222-23). It is clear that six months is not reasonable, because in Evans the Supreme Court noted that six months is far longer than the thirty to sixty days that most states provide for filing an appeal, and held that an unjustified or unexplained six-month delay between post-conviction applications in California is not reasonable and so does not fall within Carey's definition of the term "pending." Id. It can also be fairly inferred from the Supreme Court's reference to the usual thirty or sixty day periods provided by states with determinate deadlines that a delay of sixty days would not be unreasonable.

The language in Evans referred to above -- that most states find thirty to sixty days to be reasonable -- seems to imply that delays are reasonable only if they are of roughly that magnitude. More conclusive is the Supreme Court's statement that in determining whether a delay is reasonable,

> the [Ninth] Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision on the assumption that California law in this respect did not differ significantly from the laws of other states, i.e., that California's "reasonable time" standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Evans, 546 U.S. at 199-200 (citing Carey, 536 U.S. at 222-223). "California, of course, remains free to tell us if, in this respect, we were wrong."[3] Id. at 200.

In the instant case, the length of the delay at issue is eighty-eight days. Although the Ninth Circuit has not addressed the applicability of Evans to a period of delay of less than ten months, see Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (finding no statutory tolling for unexplained periods of delay of ten, fifteen, and eighteen months between filings of California habeas petitions), numerous district courts have found filing delays unreasonable where such delays were similar or shorter in length than the delay herein, and no adequate justification was provided. See, e.g., Culver v. Director of Corrections, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (finding ninety-seven day and seventy-one day delays unreasonable); Livermore v. Watson, 556 F. Supp. 2d 1112, 1117

---

[3] No California case has held that the Supreme Court was wrong.

(E.D. Cal. 2008) (finding seventy-eight day delay unreasonable); Hunt v. Felker, 2008 WL 364995, (E.D. Cal. Feb. 8, 2008) (finding seventy day delay unreasonable); Bridges v. Runnels, 2007 WL 2695177, (E.D. Cal. Sept. 11, 2007) (finding seventy-six day delay unreasonable); Forrister v. Woodford, 2007 WL 809991, (E.D. Cal. March 15, 2007) (finding eighty-eight day delay unreasonable).

The Court finds that the eighty-eight-day delay between the superior court's denial and the filing of his appellate court petition far exceeded the thirty to sixty day period the Supreme Court used as a bench mark in Evans. The Court concludes, therefore, that Petitioner is not entitled to tolling during the eighty-eight-day time period.

Thus, as mentioned above, Petitioner waited 334 days before filing his superior court petition on April 25, 2006. Because the eighty-eight day period is not tolled, the limitations period started to run again on October 23, 2006, the date of the superior court's denial. Petitioner had thirty-one days (365 days minus 334 days) remaining before the limitations period expired. Because Petitioner waited until January 19, 2007 to file his appellate court petition, the limitations period expired on November 23, 2006 (thirty-one days after the superior court's denial on October 23, 2006). A state habeas petition, such as Petitioner's appellate court petition, filed after AEDPA's statute of limitations ended cannot toll the limitations period. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot revive the limitations period once it has run. It cannot restart the clock to zero; it can only serve to pause a clock that has not yet fully run. Thus, in order to toll the limitations period under § 2244(d)(2), Petitioner should have filed his appellate court petition before the limitations period expired on November 23, 2006. See id.; see also Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations"). The appellate court petition filed on January 19, 2007 does not revive the limitations period because it had already expired on November 23, 2006. Therefore, Petitioner is not entitled to statutory tolling of the limitations period during the time

period that he sought collateral review in the state appellate and supreme courts.

The Court agrees with Respondent's argument that Petitioner was unreasonably delayed in seeking collateral review in state court and finds that the limitations period expired on November 23, 2006. Even if the Court applied the "mailbox rule" and deemed the petition filed on May 7, 2007, it is still untimely by more than five months. Accordingly, the present action is barred by the statute of limitations set forth in § 2244(d), unless equitable tolling applies.

### B.  **Equitable Tolling**

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Although Petitioner does not state expressly in his opposition to the motion to dismiss that he is entitled to equitable tolling, the Court finds that it would be futile to provide him leave to amend in order to do so. Based on a thorough review of the facts asserted in Petitioner's state and federal petitions and in his opposition to the motion to dismiss, the Court concludes that Petitioner has not shown that equitable tolling should apply to him. That is, he alleges no facts which show an "extraordinary circumstance" meriting equitable tolling. See Beeler, 128 F.3d at 1289. Accordingly, the limitations period will not be equitably tolled.

8

## **CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (docket no. 4) is GRANTED.  This action is DISMISSED WITH PREJUDICE.

The Clerk of the Court shall terminate all pending motions, enter judgment, and close the file.   This Order terminates Docket no 4.

IT IS SO ORDERED.

DATED: _9/17/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

<div style="float:left"><b>United States District Court</b><br>For the Northern District of California</div>

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GILBERT CONTRERAS,

        Plaintiff,

v.

B. CURRY et al,

        Defendant.
                                         /

Case Number: CV07-03774 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 18, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gilbert Contreras E-59058
Soledad State Prison, CTF Central
P.O. Box 689
Soledad, CA 93960

Dated: September 18, 2008

                                        Richard W. Wieking, Clerk
                                        By: LISA R CLARK, Deputy Clerk